**In The United States District Court**
**For The Eastern District Of New York**    ORIGINAL

Francois Holloway,                    Civil Action No. 01-cv-1017
Pro-Se Petitioner
    -Vs-                              Criminal Case **No. 95-CR78 (JG)**

United States Of America,
Respondent,

**MOTION TO SET ASIDE, VOID 28 U.S.C. 2255 JUDGMENT**
**THUS RE-OPENING PETITIONER 2255 MOTION PURSUANT TO**
**Rule 60 (b)(4)(6) of The Federal Rules Of Civil Procedure**

Now comes Francois Holloway, the undersigned pro-se petitioner

and files this Motion to re-open his **28 U.S.C 2255** judgment. In

support of this motion. Petitioner states as follow based in Law

& facts.

**INTRODUCTION**

In light of the ruling in **Missouri -Vs- Frye**,

L.Ed 2615 (2012) And **Lafler -Vs- Cooper**,566 U.S 132 S.Ct 1376, 182

L.Ed 2d 398, (2012) by the United States Supreme Court expanding the

Constitutional rights to defendant's; by adding that plea bargins

are a significantly part of a guarantee to effective legal

representation which is a sixth Amendment rightguaranteed by the

United States Constitution. This court has the authority to re-open

a **28 U.S.C. 2255** judgment of proceeding pursuant to rule 60 (b)

under the rules governing section 2255  proceeding for the United

States District Court; hereafter 2255 rules. This is because under

rule 12 of the **2255**  rules a district court is permitted to consider

a motion pursuant to **(F.R. Civ. P)** See: 2255 rule 12. A rule 60 (b)

Motion is considered a successive collateral attack if it challenges

_1_

an earlier denial of relief on the merits or raise a new claim.
**Gonzalez -Vs- Crosby,** 545 U.S 524-532 125 S.Ct 2641  L.Ed 2d 480,
(2005)  A rule 60 (b) Motion is not successive if it challenges
"Not the substance" of the federal courts resolution of claim on
merits, but some defect in the integrity of federal habeas proceedings.

## RELEVANT PROCEDURAL HISTORY AND
## DEFECT OF THE FEDERAL HABEAS PROCEEDING

This pro-se petitioner caused to file in this court a Motion,
under **28 U.S.C. 2255** On Feb.13, 2001 In said motion, petitioner
alleged amoung other claims that he did not recieve the guarantee
effective legal representation, afforded by the Constitution.
**Petitioner was advised by counsel to withdraw his plea agreement
that he was in the process of accepting. The petitioner was also
informed by counsel that he could win the case at trial, on the
grounds the government could not win the case, if they could not
meet the burden of proof on all the elements required by the
statute. Trial counsel had also stated that since the petitioner
never formed a specific intent to kill or to cause seriously
bodily harm the government could not meet the burden of proof
required by law to obtain a conviction in this particular case.**
[See **ex.A** Pg. 3 2255 statement of facts].

This court dismissed said Motion citing the motion had no merits.
Soon thereafter petitioner submitted a motion asking the court to
reconsider his **2255** motion. In which this court had also denied,
again citing it was without merits. However petitioner contends
in his rule 60 (b) Motion that, in  the ruling upon his original
**2255** . Motion that the district court had  **failed to address his
ineffective assistance claim;** related to his plea bargin procedure

−**1**−

in his previous 2255 proceeding. [See ex. **b** judges memorrandum & order] Because this claim was not ruled upon petitioner contends his rule 60 (b) Motion is not a successive motion. Petitioner ask & seeks relief from this court prior judgment denying relief in his 2255 motion filed Feb 13, 2001

Thus petitioner moves pursuant to rule 60 (b)(4) & (6)(4) **void judgment** &(6) Any other reason justifying relief from the operation of judgment, to re-open his 2255 proceedings. Pursuant to rule 60 (b); a court may relieve a party from final judgment or order based on a finding the judgment is void. [**Fed.R.Civ. P.**] Generally, a judgment is void under **Rule 60 (b)(4)**, if the court that rendered it lacked jurisdiction of the matter or the parties or if it acted in a manner inconsistent with due process of the Law. **In Re-Edwards**, 962 F.2d 641 (7th Cir 1992)(Citation and internal quotation marks omitted).   In this case the district court was to address all of the claims raised in petitioner motion pursuant to **28 U.S.C 2255** Thereby the District Court should vacate, because petitioner was deprived of due process, when the District Court conducted a piecemail litigation of petitioner 2255.

The Supreme Court has seized the opportunity to express their deep concern over the piecemail litigation of federal habeas petitions filed by state prisoners; as exemplified by the failure of the district courts to resolve all claims in the case. The Supreme Court has only recently re-emphasized the obligation of ferderal courts to consider the important interests of comity and finality implicated in federal habeas review of state convictions.

−3−

And sentences. [See:] e.g **Coleman -Vs- Thompson**, _____ U.S 111 S.Ct 2546, 2554-55 115 L.Ed. 2d 640 (1991) **McCleskey -Vs- Zant**, US 111 S.Ct 1454, 1468-70 113 L.Ed 2d 517 (1991) **Duckworth -Vs Eagan**, 492 US 195, 208-10.  109 S.Ct 2875, 2883, 106 L.Ed 2d 166 (1988) " O'Connor J. concurring" (Quoting) **Harris -Vs- Reed**, 489 US 255, 280-82, 109 S.Ct 1038, 1053, 103 L.Ed 2d 308 (1989). **Penry -Vs- Lynaugh**,492 U.S 302, 313-315, 109 S.Ct 2934, 2944 L.Ed 2d 256 (1989). **Teague -Vs- Lane**,489 U.S  288, 304-11. 109 S.Ct 1060 1072, 75 L.Ed 2d 334 (1989)"Plurality Opinion". See also **Re-Blodgett** U.S 112 S.Ct 674,  116 L.Ed.2d 669 (1992) Clearly the principle associated with due process. And the right to effective assistance of counsel guaranteed by the sixth amendment is applicable to petitioner **28 U.S.C. 2255** proceeding under the new ruling by the U.S Supreme Court dealing with plea bargins. **Lafler -Vs- Coooper**, 2012 BL 67236,  90-CrL 850 (US. 2012)

## FACTS AND AUTHORITY IN SUPPORT OF MOTION

Before petitioner went to trial he was offered a plea of eleven years. In which he was in the process of accepting on May 09, 1995. [See Ex. C plea agreement] The proceeeding was adjourned and reset for **05/18/95**. On **06/22/95** petitioner plea was withdrawn on the advice of his counsel. [See: Ex. (d) docket sheets p.g 17-18]. In **Missouri -Vs- Frye**, 2012 BL 67235 90 CrL 849 (US 2012) 178 L.Ed 2d 622 and **Lafler -Vs- Cooper**,  2012 BL 67236 90 CrL 850 (US 2012). The **Supreme Court**  clearly established that plea bargins are a Constitutional entitlement. [See article attached of the effect of the  Supreme Court's ruling].

That entitlement was violated when the trial counsel gave his client faulty advice to withdraw his plea. And stated that he could win on the grounds that petitioner never possed the specific intent to kill, which is a key element of the 18 U.S.C 2119 statute. Thereby **"Anthony Cooper's"** case is more clearly related to petitioners claim & argument. Prosecutors offered **Cooper** a deal of 51 to 58 months in prison in exchange for a guilty plea **Cooper**, turned down that. And other offers, allegedly because his attorney told him he could not be found guilty of attempted murder, because he shot Mundy (victim) below the waist. **Cooper** went to trial and lost. And then he was convicted and sentence to 15 to 30 years. 1 An "Excerpt"

**1: The high court said the defendant who goes to trial instead of taking a more favorable plea, may be harm by receiving either a conviction on more serious counts or the imposition of a more severe sentence as in Cooper's case.**

Petitioner case and outcome is similar to **Cooper's** as for argumentations. The petitioner was offered **70-87** months plus a 5 year consecutive sentence in prison in exchange for a guilty plea. Because of counsels faulty and misleading advice, petitioner went to trial and lost, he was convicted & sentence to 57½ years in prison. "An Excerpt"

**The reality of plea bargins have become so central to the administration of the criminal justice system, that the defense counsel have responsibilities that must be met to render the assistance of counsel that the sixth amendment requires.** 2

2. This statement was written by justice Anthony M. Kennedy, who was joined by the liberal Justice Ruth Ginsburg, Stephen J. Breyer, Sonia Sotomayor and Elena Kagan: **That is the case the majority said even if the defendant is unquestionably guilty or has received a fair trial after turning down a plea.**

## Conclusion

Therefore pursuant to **Gonzalez -Vs- Crosby**,545 U.S 524 125 S.Ct 2641, 162 L.Ed. 2d 480 (2005)  Which decided that state prisoner under 60(b) Motions could seek pointing out a defect in the integrity of a ealier § 2241 Proceeding in his case. This applies equally to federal prisoner, such as in the case here. Petitioner points to a defect to wit: the district court failed to resolve all of the petitioner issue's raised in his prior § 2255 motion. When a court opts to act in a field where it's action has a significant discretionary element, it must nonetheless act in accordance with the dictates of the U.S Constitution. Again the Supreme Court only recently have re-emphasized the obligation of federal courts to consider the important interest of comity and finality implicated in federal habeas reveiw. Therefore petitioner's 60 (b) is not a second or successive habeas petition. This court has jurisdiction to consider the merits of the instant motion. Accordingly the district court must grant the instant motion, withdraw the courts prior judgment thus re-opening petitioners § 2255 proceeding and address the  plea bargins claim that the court failed to resolve and grant an evidentiary hearing to resolve petitioner's claims in light of **Missouri -Vs- Frye**, and **Lafler -Vs- cooper**,

CERTIFICATE OF SERVICE
    I, Francois Holloway, hereby certify that I have mail a true
authentic copy of the foregoing document. As listed below to the
following parties.
MOTION TO SET ASISE, VOID 28U.S.C § 2255 JUDGMENT THUS RE-OPENING
PETITIONER 2255 MOTION PURSUANT TO RULE 60(b) OF FEDERAL RULE OF
CIVIL PROCEDURES.        By hand delivering with pre-paid postage
on it. To the internal mailing system at Coleman 1  P.O. Box. 1033
Coleman Florida 33521

                    Respectfully Submitted
                    By: _Francois Holloway_____ Reg.45116-053


                        - 6 -

## STATEMENT OF FACTS

Petitioner was advised by counselor to with
draw his agreement to plea that he was in the process
of taking, the petitioner was informed by counsel that
he could win the case at trial on the grounds that the
government could not win it"s case if they could not
meet the burden of on all the elements in the statue.
He[Mr. Hanna] stated that being the petitioner never
form a specific intent to kill or to cause seriously
bodily harm the government could not meet the burden
of proof required by law to obtain a conviction in th
is particular case. The counsel for the defense then
stated that he would inform the government that inten
ds to seek an acquital on the grounds the petitioner
nevered posse that part of the statue .By doing this
he alerted the government to the strategy of the defe
nse and doing so violated  attorney-client relationship.
[see Weatherford v. Bursey 429US 545,51L.ED 2d 30].
When the counsel for the defense made notice to the
government his line of defense, he gave the government
ammunition to attack the defense strategy. Because the
government centered its case around the theory of con
ditional intent. Therefore violating the attorney cli
ent relationship, which falls under the sixth amendm
ent constitutional violation. In Weatherford v. Bursey
the Supreme Court enunciated the factors to determine
whether there has been an invasion of attorney-client
viloation; It gives four example the 4th one being

(3)

Petitioner's Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FRANCOIS HOLLOWAY,

                  Petitioner,

    - against -

UNITED STATES OF AMERICA,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

A P P E A R A N C E S :

        FRANCOIS HOLLOWAY
           U.S.P. Pollock
           Box 2099
           Pollock, Louisiana 71467
           Petitioner Pro Se

        ALAN VINEGRAD
           United States Attorney
           1 Pierrepont Plaza
           Brooklyn, New York 11201
           By:    Susan Corkery
                    Assistant United States Attorney

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
01-CV-1017 (JG)

**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.

★ MAR 2 1 2002 ★

BROOKLYN OFFICE

JOHN GLEESON, United States District Judge:

      Francois Holloway, who is also known as "Abdu Ali," filed this motion pursuant

to 28 U.S.C. § 2255 on February 13, 2001. For the reasons set forth below, the motion is denied.

BACKGROUND

      Holloway was convicted after a jury trial of conspiracy to operate a "chop shop,"

in violation of 18 U.S.C. § 371, operating a "chop shop," in violation of 18 U.S.C. § 2322, three

counts of carjacking, in violation of 18 U.S.C. § 2119, and three counts of using a firearm during

and in relation to carjacking, in violation of 18 U.S.C. § 924(c). The case raised a difficult issue of statutory construction that resulted in written opinions by this court, the court of appeals, and the Supreme Court of the United States, familiarly with which is assumed. See Holloway v. United States, 526 U.S.1 (1999); United States v. Arnold, 126 F.3d 82 (2d Cir. 1997); United States v. Arnold, 921/ 126 F. Supp. 155 (E.D.N.Y. 1996). Principally because of the onerous mandatory sentencing provisions of § 924(c), Holloway was sentenced to 57 and one-half years in prison.

In his petition, Holloway first asserts that his trial counsel was ineffective. At bottom, Holloway is once again challenging the strategy his counsel employed at trial, i.e., to admit his participation in the forcible takings of cars, but to deny that he acted with the intent to cause serious bodily injury. I rejected this argument in a lengthy oral opinion when it was raised by separate counsel prior to Holloway's sentencing. see Sentencing Transcript, August 16, 1996, at 17-35, and the Second Circuit affirmed. See 126 F.3d at 89. While Holloway has recast the claim – he asserts that trial counsel's decision to argue that he lacked the requisite intent violated the "attorney-client relationship," Holloway's Memorandum at 3 – it is in substance no different from the prior challenge to trial counsel's strategy. It fails for the same reasons the initial claim failed.

Holloway also claims that his lawyer failed to conduct an investigation that would have resulted in a witness who would testify that he (or she) had resisted a carjacking attempted by Vernon Lennon, Holloway's accomplice and the government's witness, without getting shot. This testimony, Holloway asserts, would have undermined Lennon's testimony that he and Holloway had the intent to shoot the victims of the three carjackings in this case if they resisted.

2

But any such evidence would have been cumulative at best. As I mentioned when I denied the pre-sentencing claim that trial counsel was ineffective, trial counsel elicited evidence and made a skillful argument that the incident involving Ruben Rodriguez (one of the victims in this case) demonstrated Lennon's intention *not* to shoot recalcitrant victims. See Sentencing Transcript at 24-25. In these circumstances, trial counsel's failure to investigate cannot reasonably be characterized as ineffective assistance of counsel. Moreover, in light of the strength of the evidence against Holloway, it cannot be said that testimony from another of Lennon's victims that the victim resisted but was not killed would have affected the outcome of the trial.

Holloway's assertion that his trial counsel was ineffective in that he failed to request a "jurisdictional hearing in order to compel the government to show cause that they have the right to prosecute for the alleged crime," Motion at 7, has no merit. There is no such hearing under our rules of procedure. I also note that this complaint, by which Holloway blames counsel for not raising his statutory construction argument early enough, see id., flatly conflicts with Holloway's additional complaint that trial counsel raised that exact defense *too* early by including it in his opening statement. See id. at 3.

Holloway's claims that the prosecutor wrongfully withheld Brady material are conclusory and without merit. His claim that the indictment was amended because the jury was instructed that it could consider whether he was an aider and abettor is also without merit. A "constructive amendment" occurs when the government's proof at trial and the trial court's instructions to the jury modify essential elements of the crime charged. See United States v. Vebeliunas, 76 F.3d 1283, 1290 (2d Cir. 1996). That did not occur here. Moreover, the aiding and abetting statute, 18 U.S.C. § 2, was cited in the caption of the indictment.

3

Finally, Holloway cites Apprendi v. New Jersey, 530 U.S. 466 (2000), and challenges his multiple consecutive sentences based on 18 U.S.C. § 924(c). If his claim is that his prior § 924(c) convictions were not submitted to the jury and proved beyond a reasonable doubt, see Holloway's Memorandum at 8, the answer is that they were. Indeed, the jury in this case convicted Holloway of his first, second and third violations of the statute, and thus the enhanced sentences provided for by § 924(c)(1)(C) did not violate the rule of Apprendi.

## CONCLUSION

In sum, I have examined all of Holloway's claims and concluded that they are meritless. Accordingly, his petition for relief under 28 U.S.C. § 2255 is denied. Because there has not been a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
        March 19, 2002

4

*Petitioner's Exhibit C*

LC:DLG:sr
F. #9405374
DLG50024.PLE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    PLEA AGREEMENT

  - against -                                 95 CR 78(JG)

FRANCOIS HOLLOWAY
 a/k/a "Abdu Musa Ali,"

                    Defendant.

- - - - - - - - - - - - - - - - - -X

       Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the United States Attorney's Office for the Eastern
District of New York (the "Office") and FRANCOIS HOLLOWAY
a/k/a "Abdu Musa Ali" (the "defendant") agree to the following:

       1.  The defendant will plead guilty to Counts Nine and
Ten of the above-captioned indictment, charging carjacking and
possession of a firearm in violation of 18 U.S.C. §§ 2119 and
924(c)(1) respectively.  Count Nine carries the following
statutory penalties:

          a.   Maximum term of imprisonment: 15 years
              (18 U.S.C. § 2119).

          b.   Minimum term of imprisonment: 0 years
              (18 U.S.C. § 2119).

          c.   Maximum supervised release term:  5 years, to
              follow any term of imprisonment; if a condition of
              release is violated, the defendant may be
              sentenced up to 3 years without credit for pre-
              release imprisonment or time previously served on
              post-release supervision
              (18 U.S.C. §§3533 (b), (e)).

          d.   Maximum fine: $250,000
              (18 U.S.C. § 3571(b)(3)).

e.   Restitution: as required by statute
(18 U.S.C. §3663).

f.   $50 special assessment
(18 U.S.C. §3013).

g.   Other penalties: [deportation, costs of
prosecution in tax cases] __N/A_____.

Count Ten carries the following statutory penalties:

a.   Mandatory term of imprisonment: 5 years,
consecutive to term of imprisonment imposed under
Count Nine.
(18 U.S.C. § 924(c)).

b.   Maximum supervised release term: 3 years, to
follow any term of imprisonment; if a condition of
release is violated, the defendant may be
sentenced up to 2 years without credit for pre-
release imprisonment or time previously served on
post-release supervision.
(18 U.S.C. §§3583(b), (e)).

c.   Maximum fine: $250,000
(18 U.S.C. §3013).

d.   Restitution: As required by statute
(18 U.S.C. § 3571(b)(3)).

e.   $50 special assessment
(18 U.S.C. §3013).

f.   Other penalties: N/A

2.   The defendant will be sentenced under the United
States Sentencing Guidelines.  The parties agree that the Court
and Probation Department will be advised of all information
relevant to sentencing, including all criminal activity engaged
in by the defendant, and that such information will be used to
calculate the Sentencing Guidelines range.  Based upon
information now known to it, the Office estimates the likely
adjusted offense level under the Sentencing Guidelines to be
level 23,  which is predicated on the following Guidelines

calculation: the defendant's base level is 20.  The level is
increased by 5 because a firearm was displayed.  The level is
increased by 1 because the vehicle was worth more than $10,000.
This results in a level of 26.  The defendant receives a 3 point
reduction for acceptance of responsibility, resulting in an
adjustment level of 23.  This level carries a range of
imprisonment of 70-87 months, because the defendant has 4 prior
convictions.  In addition, pursuant to his plea of guilty to
Count Ten, the defendant will serve a mandatory five year term of
imprisonment that will be consecutive to the sentence imposed
pursuant to Count Nine.

     3.  By this agreement, the Office recommends to the
Probation Department that the calculation set forth in paragraph
2 be adopted.   If the Probation Department finds that any
portion of the calculation set forth in paragraph 2 is incorrect,
the Office reserves the right to argue that the Court should
adopt the Probation Department's finding.  The calculation set
forth in paragraph 2 is not binding on the Court, and if the
appropriate Guidelines offense level as determined by the Court
is different, the defendant will not be entitled to withdraw the
plea.

     4.  The defendant agrees not to file an appeal in the
event that the Court imposes a sentence within or below the
applicable Sentencing Guidelines range as determined by the
Court.

4

5.  In exchange for the defendant pleading guilty, at sentencing the Office will:

  a.  move to dismiss the remaining counts of the indictment with prejudice, and the Office agrees that it will bring no further criminal charges against the defendant for the conduct described in the initial complaint and the indictment, so far as supported by facts known to the Office at this time, to wit: carjacking occurring between October 6, 1994 and November 15, 1994.  This agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to the RICO statute (18 U.S.C. §§ 1961 et seq.);

and, based upon information now known to the Office,

  b.  take no position concerning where within the appropriate Sentence Guideline range, as determined by the Court, the sentence should fall;

and

  c.  make no motion for an upward departure under the Sentencing Guidelines.

If information becomes known to the Office after the date of this agreement which renders inappropriate our compliance with subparagraphs b or c  above, the defendant will not be entitled to withdraw his plea.

6.  This agreement is limited to the United States Attorney's Office for the Eastern District of New York and cannot bind other federal, state or local prosecuting authorities.  It does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax

5

liability or forfeiture of assets.  The defendant hereby waives any claim of double jeopardy in the event that such proceedings have been, are, or will be initiated.

7.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by the parties.  This agreement, to become effective, must be signed by all of the parties listed below.

Dated:  Brooklyn, New York
        May      , 1995

                                    Respectfully submitted,

                                    ZACHARY W. CARTER
                                    United States Attorney
                                    Eastern District of New York


                           By:    _____
                                    Dolan L. Garrett
                                    Assistant U.S. Attorney


Agreed and consented to:

_____
Defendant


Approved by:                     Approved by:

_____      _____
Counsel to Defendant             Supervising Assistant U.S. Attorney

*Petitioner's Exhibit* d

Judge John Gleeson on date of 4/21/95 for pleading. AUSA Dolan Garrett. Howard Jacobs for the defendant. Court Reporter/Alan Sherman. Set Sentencing for 10:00 7/14/95 for David Valentine before Judge John Gleeson. Defendant enter plea of Guilty: David Valentine (5) count(s) 3, 4. Defendant David Valentine continues in custody. (rg) [Entry date 04/24/95]

5/2/95   45   CALENDAR ENTRY as to Teddy Arnold ; Case called before Judge John Gleeson on date of 5/2/95 for arraignment. AUSA Dolan Garrett. Jason Solotaroff for the defendant. Court Reporter/Michael Picozzi. Bail Application heard and denied. Reasons stated on the record. (rg) [Entry date 05/09/95]

5/2/95   --   District Court Arraignment as to Teddy Arnold held Teddy Arnold (1) count(s) 1, 2, 19, 20, 21, 22, 23 on 5/2/95 before Judge Gleeson. (rg) [Entry date 05/09/95]

5/2/95   46   CALENDAR ENTRY as to Charles. Robinson ; Case called before Judge John Gleeson on date of 5/2/95 for pleading. AUSA Dolan Garrett. Jason Solotaroff for the defendant. Court Reporter/Michael Picozzi. Defendant pleads Guilty: Charles Robinson count(s) 2. Set Sentencing for 10:00 on 8/4/95 for Charles Robinson before Judge John Gleeson. Bail continued for defendant. (rg) [Entry date 05/09/95]

5/2/95   47   CALENDAR ENTRY as to Darrel Jones, Paul Scaglione, Jeffrey Drake. Case called before Judge John Gleeson on date of 5/2/95 for pleading. AUSA Dolan Garrett. Stewart Orden for defendant Jones; Marvin Kornberg for defendant Scaglioni; Joseph Benfante for defendant Drake. Court Reporter/ Michael Picozzi. Defendant pleads Guilty: Darrel Jones (3) count(s) 21. Set Sentencing 10:00 on 8/4/95 for Darrel Jones before Judge John Gleeson. Set Plea for 4:30 on 5/16/95 for Paul Scaglione and for Jeffrey Drake before Judge John Gleeson. (rg) [Entry date 05/09/95]

5/9/95   50   CALENDAR ENTRY as to Francois Holloway; Case called before Judge John Gleeson on date of 5/9/95 for arraingment/pleading. AUSA Dolon Garret; Dana Hanna for the defendant. CASE ADJOURNED.  Reset for 4:30 on 5/18/95 for Francois Holloway before Judge John Gleeson. (rg) [Entry date 05/22/95]

5/16/95   48   CALENDAR ENTRY as to Paul Scaglione, Jeffrey Drake ; Case called before Judge John Gleeson on date of 5/16/95 for pleading. AUSA Dolan Garrett. Joseph Benfante for defendant Drake; and Marvin Kornberg for defendant Scaglione. Court Reporter/Marsha Diamond. Defendant Jeffrey Drake pleads Guilty: Jeffrey Drake (7) count(s) 20. Sentence schedule for 8/4/95 for defendant Jeffrey Drake. Reset Plea for 4:30 on 6/5/95 for Paul Scaglione before Judge John Gleeson. (rg) [Entry date 05/18/95]

5/16/95   --   Deadline updated as to Jeffrey Drake,  set Sentencing for 10:00 on 8/4/95 for Jeffrey Drake before Judge John Gleeson. (rg) [Entry date 05/18/95]

5/16/95   49   CALENDAR ENTRY as to Teddy Arnold ; Case called before Judge John Gleeson on date of 5/16/95 for status conference. AUSA Michel Adelman. Jason Solotaroff for defendant Arnold. Court Reporter/Marsha Diamond. Speedy Trial information from 5/16/95 to 6/5/95 entered on the record. (rg) [Entry date 05/18/95]



| 6/5/95 | 51 | CALENDAR ENTRY as to Paul Scaglione, Teddy Arnold; Case called before Judge John Gleeson on date of 6/5/95 for pleading. AUSA Dolan Garett. Marvin Kornberg for defendant Scaglione. Jason Solatoroff for defendant Arnold. Court Reporter/Fred Guerino. Defendant #6 pleads Guilty: Paul Scaglione (6) count(s) 22 of the indictment. As to defendant Teddy Arnold not prepared to enter into a plea. Counsel needs a trial date. Set Jury trial for 9/18/95 for Teddy Arnold before Judge John Gleeson. Time excluded for Teddy Arnold fro 6/5/95 to 9/18/95. (rg) [Entry date 06/08/95] |

| 6/9/95 | 52 | ORDER as to Francois Holloway that the U.S. Marshal or any party responsible for the defendant is to transfer the deft. by 6/12/95 to MCC for a period of one week. ( Signed by Judge John Gleeson , dated: 6/6/95) (wa) [Entry date 06/09/95] |

| 6/22/95 | 54 | CALENDAR ENTRY as to Francois Holloway ; Case called before Judge John Gleeson on 06/22/95 for pleading. AUSA: Dolon Garrett. Defense counsel: Dana Hanna. Court Reporter: Henri LeGendre. Plea withdrawn: counsel needs addt'l time to go over paragraph 4 of the plea agreement. Next conference set for 6/29/95 at 10:00. (wa) [Entry date 06/29/95] |

| 6/23/95 | 53 | NOTICE dated 6/20/95 that the sentencing scheduled for 9/8/95 has been adjourned to 9/7/95 at 2:30 as to Paul Scaglione. (rg) [Entry date 06/23/95] |

| 6/23/95 | -- | Deadline updated as to Paul Scaglione,  reset Sentencing for 2:30 on 9/7/95 for Paul Scaglione before Judge John Gleeson. (rg) [Entry date 06/23/95] |

| 6/29/95 | 55 | CALENDAR ENTRY as to Francois Holloway; Case called before Judge John Gleeson on date of 6/29/95 for status conference. AUSA Dolan Garrett. Dana Hanna for the defendant. Court Reporter/Marsha Diamond.  Set jury selection for 9:30 on 7/24/95 for Francois Holloway and set Suppression hearing and Jury trial for 9:30 on 7/26/95 for Francois Holloway before Judge John Gleeson. (rg) [Entry date 07/11/95] |

| 7/11/95 | 56 | TRANSCRIPT filed as to Francois Holloway for dates of 6/22/95 before Judge Gleeson for pleading. Court Reporter/Henri Le Gendre. (rg) [Entry date 07/11/95] |

| 7/21/95 | 57 | CALENDAR ENTRY as to Francois Holloway ; Case called before Judge John Gleeson  on date of 7/21/95 for status conference.   Court Reporter B. Sulzer & AUSA D. Garrett. Deft present with counsel Dana Hanna.  Speedy trial time as to Hollaway is excluded from 7/21/95 to 12/11/95. As to deft Teddy Arnold time excluded from 9/18/95 to 12/11/95. Trial adjourned as to Teddy Arnold, & Hollaway to 12/11/95 before Judge John Gleeson. (lg) [Entry date 07/26/95] |

| 8/4/95 | 60 | CALENDAR ENTRY as to Charles Robinson; Case called before Judge John Gleeson on date of 8/4/95 for sentencing. AUSA Dolan Garrett. Thomas Dunn for the defendant. Court Reporter/Holly Driscoll. Charles Robinson sentenced to Count 2 and receives 6 Months of imprisonment; 3 Years supervised release and a $50.00 special assessment. Defendant to surrender 9/5/95 at 12:00 noon to the USM of the EDNY. Open counts are dismissed on Govt.'s motion. Special conditions of supervision: Prohibition of firearms. |

# Justices expand rights of accused

### Plea deals fall under guarantee of sound counsel, high court rules

**BY ROBERT BARNES**

A divided Supreme Court ruled for the first time Wednesday that the guarantee of effective legal representation applies to plea bargain agreements, significantly expanding the constitutional rights of defendants as they move through the criminal justice system.

In a pair of cases decided by 5 to 4 votes, the court opened a new avenue for defendants to challenge their sentences on grounds that their attorneys gave them faulty advice, lawyers on both sides of the issue said. The vast majority of criminal cases end with a guilty plea rather than a trial, and the ruling could affect thousands of cases.

"The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires," Justice Anthony M. Kennedy wrote. He was joined by the court's liberal justices, Ruth Bader Ginsburg, Stephen G. Breyer, Sonia Sotomayor and Elena Kagan.

That is the case, the majority said, even if the defendant is unquestionably guilty or has received a fair trial after turning down a plea bargain.

Since more than nine in 10 cases involve a plea rather than trial, the decision will mean greater constitutional scrutiny of the negotiations central to almost every prosecution.

"It seems to me the court has

COURT CONTINUED ON A4

*bargaining from a necessary evil to a constitutional entitlement."*

**Justice Antonin Scalia**

sure.

Scalia called the rulings "absurd" and said the majority had twisted the constitutional right to assure defendants get a fair trial into one in which they have a chance "to *escape* a fair trial and get less punishment than they deserve."

He added in a written dissent, "Today, however, the Supreme Court of the United States elevates plea bargaining from a necessary evil to a constitutional entitlement."

The court's conservatives — Chief Justice John G. Roberts Jr. and Justices Clarence Thomas and Samuel A. Alito Jr. — voted with Scalia.

The court was considering two cases in which all parties agreed that the lawyers involved had failed their clients.

In one, Galin Edward Frye's attorney never told him of plea bargain offers from Missouri prosecutors on charges that he was driving with a revoked license. He later pleaded guilty and was sentenced to three years in prison. Prosecutors had offered Frye a couple of deals, one of which would have required 10 days in jail.

In the other, Anthony Cooper was charged under Michigan law with assault with intent to murder and other charges after shooting Kali Mundy in the buttock, hip and abdomen. She survived the attack.

Prosecutors offered Cooper a deal of 51 to 85 months in prison in exchange for a guilty plea. Cooper turned down that and

"Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas," he wrote.

Stephanos Bibas, a constitutional law professor at the University of Pennsylvania who wrote a brief cited in the majority opinion, said the opinion "erected standards" that will be difficult for some challengers to meet.

The majority opinion said defendants would need to show that they would have accepted the plea bargain if not for bad legal advice, that there was a reasonable probability prosecutors would not have withdrawn the offer before trial, and that a judge would have accepted it.

Scalia called this "retrospective crystal-ball gazing posing as legal analysis."

And Kennedy acknowledged the difficulty in coming up with a remedy for those who proved all that. In cases where the advantage was a lighter sentence, he said, the judge may decide whether the defendant should receive the sentence offered by prosecutors, the one he received at trial "or something in between."

In cases of a plea that offered a lowered charge, he said, the way to remedy the constitutional injury might be to "require the prosecution to reoffer the plea proposal."

Alito, a former U.S. attorney, criticized the majority's "opaque discussion" of the remedies. Requiring prosecutors to reoffer a deal, he said, would be an abuse of discretion in cases where new information about a defendant has come to light after the deal was rejected.

Proto said the decisions will not result in prosecutors offering fewer plea deals. Their resources are too stretched, he said, "to say we're just not going to offer plea bargains."

The cases are *Missouri v. Frye* and *Lafler v. Cooper.*

*barnesb@washpost.com*





## A4   Politics & The Nation

# Supreme Court decision expands defendants' rights

### COURT FROM A1

created a new body of constitutional law," said Connecticut Assistant State's Attorney Michael J. Proto, who wrote a brief for 27 states urging the court not to extend the constitutional guarantee to plea bargains. "There are a lot of unanswered questions, and it is going to spawn a lot of litigation."

Margaret Colgate Love, who helped write an American Bar Association brief that advocated for the court's action, agreed about its impact.

"What makes these cases so important is the Supreme Court's full-on recognition of the centrality of plea bargaining in the modern criminal justice system and its extension of constitutional discipline to the outcome of the plea process," she said.

The decisions prompted a scathing rebuttal from Justice Antonin Scalia, delivered from the bench to signal his displea-



*"Today . . . the Supreme Court of the United States elevates plea*

other offers, allegedly because his attorney told him he could not be found guilty of the attempted murder charge, because he had shot Mundy below the waist.

Cooper went to trial, was convicted and was sentenced to 15 to 30 years in prison.

In the Frye case, the majority held that "when defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires."

In Cooper's case, the court said the "defendant who goes to trial instead of taking a more favorable plea" may be harmed "by receiving either a conviction on more serious counts or the imposition of a more severe sentence."

The majority rejected the view of Scalia, the states and the Obama administration that any ineffective advice from Cooper's attorney was remedied by what Scalia called "the gold standard of American justice — a full-dress jury trial before 12 men and women tried and true."

That view, wrote Kennedy, "ignores the reality that criminal justice today is for the most part a system of pleas, not a system of trials."

Francois Holloway,

Reg: 45116-053

FCC Coleman, USP 1

P.O.   BOX.   1033

Coleman, Fl. 33521



ORIGINAL

Civil Case No. 01-cv-1017(JG)
Civil Case No. 95-CR78(JG)

Clerk Of The Court,

RE: <u>Francois Holloway -Vs- United States Of America</u>,

    Dear Clerk,
enclosed, please find <u>3,</u> copies of **Rule 60 (b)** Motions with

exhibit attached, all for filling with this honorable court.

                    Thank you kindly


            Respectfully Submitted

        BY: Francois Holloway

Francois HD Houlty 45116-D53
Coleman U.S.P.1  Box 1033
Coleman, Florida  33521

Legal Mail

OFFICE OF The Clerk
United States District Court
Eastern District of New York
225 CADMAN PLAZA East
Brooklyn, NEW York 11201



RECEIVED
NOV 27 2012
PRO SE OFFICE










LEGAL MAiL

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.



RECEIVED
NOV 21 2012
PM  AM
12 1 2 3 4 5 6 7 8 9 10 11