

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PSS:SPN                           *271 Cadman Plaza East*
F.#2001V00705                     *Brooklyn, New York 11201*

                                  March 12, 2013


By ECF and HAND DELIVERY

The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:  Francois Holloway v. United States
                 Civil Docket No. 01-1017 (JG)

Dear Judge Gleeson:

            The Court has ordered the government to show cause on
or before March 15, 2013 why defendant Francois Holloway's Rule
60(b) Motion seeking to void the Court's judgment denying relief
under 28 U.S.C. § 2255 should not be granted.  The Court has also
requested "that the United States Attorney exercise her
discretion to permit [the Court] to impose a more just sentence
on this defendant" by agreeing to an order vacating two or more
of Holloway's convictions under 18 U.S.C. § 924(c), thereby
permitting the Court to impose a more just sentence.

            For the reasons set forth below, the government
respectfully submits that the defendant's Rule 60(b) motion is
without merit and should be denied.  In addition, the United
States Attorney respectfully requests an additional 60 days to
obtain relevant documents and make a determination whether to
agree to the vacatur of any of the convictions in this case.

I.    Background

            The facts of this case are fully detailed in this
Court's opinion in United States v. Holloway, 921 F. Supp. 155,
156-57 (E.D.N.Y. 1996), as well as in subsequent opinions by
the Second Circuit and United States Supreme Court. See United
States v. Arnold, 126 F.3d 82, 83-85 (2d Cir. 1997); Holloway v.
United States, 526 U.S. 1, 3-4 (1999).  Holloway, also known as
"Abdu Ali," was convicted, following a jury trial before this

Court, of three counts of carjacking in violation of 18 U.S.C. § 2119; three counts of using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c); one count of conspiracy to operate a "chop shop," in violation of 18 U.S.C. § 371; and one count of operating a "chop shop," in violation of 18 U.S.C. § 2322, all arising from a series of carjackings that took place in Queens, New York, in 1994.

In each of the carjackings, Holloway and an armed accomplice identified a car they wanted and followed the car until it was parked. Holloway's accomplice then approached the driver, produced a gun, and threatened to shoot unless the driver handed over the keys. The accomplice testified that he would have used the gun if any of the drivers had resisted. Holloway punched one victim in the face, but there was no other actual violence. See Holloway, 526 U.S. at 4.

Holloway was sentenced to 60 months on the "chop shop" conspiracy, 151 months for operating a "chop shop" and 151 months on each of the carjacking counts, all to run concurrently; 5 years on the first 924(c) count, to run consecutively; and 20 years each on the remaining 924(c) counts, each to run consecutively. Id. At sentencing, the Court noted that the mandatory minimum sentences and mandatory stacking provisions under 18 U.S.C. § 924(c) stripped the Court of sentencing discretion. The Court described the crimes as "extremely serious" but stated that the conduct did not, in the Court's judgment, warrant the more than 57-year sentence imposed. (Sent. Tr. at 48).

Holloway appealed, primarily on the ground that the Court erroneously instructed the jury on "conditional intent." The Second Circuit affirmed the conviction and sentence, including "the imposition of consecutive sentences pursuant to 18 U.S.C. § 924(c)." Arnold, 126 F.3d at 89. The Supreme Court affirmed. See Holloway, 526 U.S. at 12.

Holloway filed a motion pursuant to 28 U.S.C. § 2255 on February 13, 2001, see Ex. A, attached, arguing, among other things, that his trial counsel was ineffective because he (1) improperly informed the government that the defense would focus on the element of intent, (2) failed to conduct adequate pretrial investigation, and (3) failed to request a "jurisdictional hearing" challenginge the government's right to prosecute the case. Ex. A, at 3-8. This Court denied the motion in a Memorandum and Order filed March 21, 2002 that examined all of Holloway's claims and concluded that they were meritless. See

Def's Ex. B.  The Court denied Holloway's motion for reconsideration on June 11, 2002.

## II.  Holloway's Rule 60(b) Motion is Untimely and Meritless

By *pro se* motion filed on November 27, 2012, Holloway seeks an order voiding the Court's previous denial of his motion for habeas corpus relief under 28 U.S.C. § 2255.  Specifically, Holloway moves pursuant to Federal Rule of Civil Procedure 60(b)(4) to re-open his 2255 proceedings on the ground that the Court failed to address his claim that he received ineffective assistance in connection with a government plea offer, rendering the Court's denial of Holloway's motion void for failure to comport with due process.  See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) (observing that judgment is void under Rule 60(b)(4) if court acted in a manner inconsistent with due process of law).  The argument fails for the following reasons.

First, Holloway's motion is untimely.  Rule 60(c)(1) requires that motions under Rule 60(b) must be filed "within a reasonable time."  Holloway filed his motion more than a decade after the challenged denial of his 2255 action and offers no explanation for the delay.  If the Court had, in fact, failed to address one of Holloway's claims – a contention unsupported by the record, as discussed *infra* – Holloway could have challenged the Court's judgment immediately.[1]

Second, the alleged due process violation did not occur.  The Court did not fail to address a claim that Holloway received ineffective assistance of counsel in connection with a government plea offer because Holloway made no such claim in his 2255 motion.  Holloway made passing reference to counsel's advice that he not accept the government's plea offer but raised no argument that the advice was deficient.  See Ex. A, at 3.  In denying Holloway's 2255 motion, the Court "examined all of Holloway's claims and concluded that they are meritless."  Def.'s Ex. B, at 4.  Accordingly, relief under Rule 60(b)(4) is not warranted.

---

[1] To the extent Holloway's motion could be construed to seek relief on the ground of "mistake" or "inadvertence" under Rule 60(b)(1), it is untimely for failure to meet the more stringent time limit of one year from entry of judgment applicable to such filings.  See Fed.R.Civ.P. 60(c)(1).

        Third, the record provides no basis for relief under
Rule 60(b)(6), a catch-all provision cited by Holloway that
provides for relief from judgment for "any other reason."  The
Second Circuit has cautioned that Rule 60(b)(6) is properly
invoked only when "extraordinary circumstances" justify relief or
"when the judgment may work an extreme and undue hardship."  Such
circumstances are not present here.

        Finally, to the extent Holloway's Rule 60(b) motion is
construed to present a new challenge to his conviction under the
Supreme Court's decisions in <u>Missouri v. Frye</u>, 132 S. Ct. 1399
(2012), and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), <u>see</u> Def.'s
Mot. at 1, 4-6, the Court should deny the claim as "beyond the
scope of Rule 60(b)."  <u>See</u> <u>Gitten v. United States</u>, 311 F.3d 529,
534 (2d Cir. 2002).  In the alternative, the Court could treat
the motion as a successive petition under 28 U.S.C. § 2255 and,
after providing Holloway with an opportunity to withdraw the
motion, transfer it to the Second Circuit Court of Appeals for
review under the gatekeeping requirements of the Antiterrorism
and Effective Death Penalty Act of 1996, codified at 28 U.S.C. §
2244(b)(3).  <u>See</u> <u>id.</u> at 533-34.

III. The U.S. Attorney Requests Additional Time to Respond to the
     Court's Request Regarding the Vacatur of Convictions

        The Court's February 25, 2013 Amended Order requested
that the U.S. Attorney "consider exercising her discretion to
agree to an order vacating two or more of Holloway's 18 U.S.C. §
924(c) convictions."  The government respectfully requests an
additional 60 days to obtain and review documents relevant to the
Court's request and to determine its response.


                          Respectfully submitted,

                          LORETTA E. LYNCH
                          United States Attorney


                   By:    _____/s/_____
                          Samuel P. Nitze
                          Assistant U.S. Attorney
                          (718) 254-6465


cc:  Clerk of the Court (by ECF)
     Francois Holloway, Inmate # 45116-053, U.S.P.I. Coleman,
     P.O. Box 1033, Coleman, FL 33521 (by U.S. Mail)

# EXHIBIT A

UNITED STATES OF AMERICA

**V.**

FRANCOIR HOLLOWAY
A.K.A. ABDU ALI

95 CR 78 (JG) **01 1017**
96-1563

MOTION TO VACATE, SETASIDE, OR CORRECT SENTENCE: GLEESON, J.
PURSUANT TO 28USC SECTION:2255

### PRELIMINARY STATEMENT

THE PETITION APPEALS FROM JUDGEMENT OF THE

U.S.DISTRICT COURT FOR THE EASTERN DISTRICT OF NEWW YORK

BY JUDGE GLEESON, ENTERED ON AUGUST 16,1996 CONVICTING

HIM AFTER A JURY TRIAL OF CONSPIRACY TO OPERATE, MAIN-

TAIN AND OPERATE CONTROL A SHOP CHOP IN VIOLATION OF

TITLE 18 USC SECTION 2322.AND IN VIOLATION OF TITLE 18

USC371 AND 3551 ET SEQ. COUNT ONE.

AND COUNT TWO OF THE INDICTMENT READS AS

FOLLOWS: THE PETITIONER AND OTHERS KNOWINGLY AND WILLFUL

LY OWN OPERATE, MAINTASNED AND CONTROL A SHOP,CHOP AND

CONDUCT OPERATIONS IN A SHOP CHOP IN VIOLATION OF TITLE

18 USC SECTION 2322,2 AND 3551 ET SEQ.

PETITIONER WAS ALSO CONVICTED OF THREE COU

NTS OF VIOLATING 18 USC SECTION 2119,2 AND 3551 ET SEQ.

(COUNTS 7,9,and11). FURTHERMORE PETITIONER WAS CONVICTED

OF VIOLATING THREE COUNTS OF 18 USC 924(C) (1) 2 AND 355

1 ET SEQ. COUNTS 8,10 and 12.



FILED
FEB 13 2001
EDNY PRO SE OFFICE

Copy of doc # 3

The petitioner was sentence to 5 years on count one, 12½ years on count two as well as conts 7,9 and 11 all to be ram concurrent. As for count 8,the peti tioner was sentence to 5 years, and 20 years for counts 10 and 12 all to be ran consecutively to one another as well as the previous counts.

## ARGUMENTS

Petitioner request of this court to vacate set aside or correct sentence on all counts, pursuant to title 18 USC 2255. The petitioner intends to show that he was prejudice by the prosecutor in the government"s case,by being denied certain information that was ask for under 18 USC section 3500. Therefore being denied DUE PROCESS under the 5th amendment constitutional rights. The government also violated the BRADY ACT inperforming this act of refusal against the petitioner. This inform ation was purnant to the defense of the petitioner.Also the petitioner intends to show ineffective assistance of counsel by his trial lawyer[ Mr. Hanna]. Also petiti oners rights under the 5th amendment were violated by t he constructive amendment of his indictment without obt ainer a waiver on the petitioner's part or with going back before,the grand jury.The petitioner further claims that he was prejudice by the court in it'scharge to the jury of aiding and abetting, since he wasa never charged in the indictment. The structural language of the indic tment never included the wordaided and abetted. Since he was never charged as an aider and abettor, the court

lacks jurisdiction to enter or impose a conviction or
sentence for an uncharge crime. Therefore rendering
the indictment defected. The petitioner further claims
the court errored in stacking the 924(c)(1) counts, be
ing the petitiioner was never giving the opportunity
to defend himself against the second or subsequent co
nviction that he never was charged with. BY being su
bject to TYPE OF SENTENCING UPON CONVICTION, The defe
ndant was denied due process. The wording of the stau
te in the 924(c) concerning second or subsequent con
viction becomes another element of a different crime
or an enhancement factor either way,that part of the
statue has to be alledged in the indictment according
to the two recent U.S. Supreme Court ruling in the ca
se of U.S. v. Castillo and also in U.S. v.Jones.The
language in the 924(C) statue was such a concern that
in 1998 the statue was amendment into subsections and
subparagraphs. The statue now reads as follow 924(c)
(1)(a) or 924(c)(1)(b) and 924(c)(1)(c) and this sub
section reads[in case of a second or subsequent conv
iction under this section the person shall(i)be sen
tence to a term of imprisonment of not less than 25
years: and it goes on to list other punishment in the
same subsection.

## STATEMENT OF FACTS

Petitioner was advised by counselor to with draw his agreement to plea that he was in the process of taking, the petitioner was informed by counsel that he could win the case at trial on the grounds that the government could not win it"s case if they could not meet the burden of on all the elements in the statue. He[Mr. Hanna] stated that being the petitioner never form a specific intent to kill or to cause seriously bodily harm the government could not meet the burden of proof required by law to obtain a conviction in th is particular case. The counsel for the defense then stated that he would inform the government that inten ds to seek an acquital on the grounds the petitioner nevered posse that part of the statue .By doing this he alerted the government to the strategy of the defe nse and doing so violated attorney-client relationship. [see Weatherford v. Bursey 429US 545,51L.ED 2d 30]. When the counsel for the defense made notice to the government his line of defense, he gave the government ammunition to attack the defense strategy. Because the government centered its case around the theory of con ditional intent. Therefore violating the attorney cli ent relationship, which falls under the sixth amendm ent constitutional violation. In Weatherford v. Bursey the Supreme Court enunciated the factors to determine whether there has been an invasion of attorney-client viloation; It gives four example the 4th one being

Whether the details about trail preparation were lear
ned by the government. So the action of the defense
counsel to forwarn the government supplied the gover
nment with line of attack against the proposed defense
of his client. The proof was in the government center
ing its case around the conditional intent theory. Wh
ich later proved to be the key in the government obt
aining a conviction and the court upheld that convict
ion. The defense counsel undermined his clients defenes
with his indicretion. The petitioner would like to al
so bring to the attention of courts, that once it was
learned that the government centered its case around
the conditional intent theory, the plaintiff attempt
ed to assist in his defense,by making a known to the
counselor an attempted carjacking that was not succes
sful do the resistance of the victim. The petitioner
ask his attorney to conduct a pretrial investigation
in order to locate or to attempt to loacte this pote
ntial witness for the defense.The testimony or the po
lice report on this attempted crime would have proven
to be very damaging to the governments case of condit
ional intent. In this case the victim was trick to the
car by Mr. Lennon on the pretense he was lost and ask
ing about directions. Once the victim approached the

(4)

car he was accosted in the collar by Mr. Lennon, at which time Lennon told the ederly man to surrender his car keys or he would shoot him, but the man refuse to do so, so much so that he struggle and fought until lennon release his grip on the mans collar and the man proceeded to run away from the car. Lennon did not gi ve chase nor did he shoot or attempt to shoot this man. But Mr. Lennon testified under oath that he would have shot anyone who refused to cooperate with his demands. [see trial transcript pgs.120,121,145,150,and 150].But petitioners lawyer refuse to conduct a pretrial inves tigation.The petitioner recalls bringing this fact up in court the day he was scheduled for sentencing. I mention to the court there was a conflict of interest that existed between defendant and counsel,and that he refuse to conduct this pretrial investigation at my request. The counsels reason for the refusal was as follows:(1) The investigation would be pointless being that there was no guarantee that this person even fil ed a police report, and(2) He was a court appointed lawyer and did not have the resources to pursue this type of investigation, also his time was limited to preparaing for the trial and that he did not have the funds to hire an investigator to conduct an investiga tion. The refusal of counsel to pursue this issue was

(5)

crucially damaging to his clients defense. Being that the governments conviction was obtain on the theory of conditional intent. And the jury requested the law on intent as was explained by the court.[see T.T. pg. 430][see also the Judges prepared charge on condition al intent pgs 33 and 34]. the testimony of this witne ss would have impeached the testimony of the informant Lennon. Also the trial transcript og the court's char ge to the jury on conditional intent page 404. The te stimony of said witness was very important and should have been pursued by the defense counsel. The confron tation with this victim occured on October 19, 1994. Mr. Hanna was giving all the details of the attempted carjacking the area,the time, thetype of vehicle invo lved, which happen to be a nissan sentra. Which was the reason behind Sara Marketts attempted carjacking in the first place.For the defense counsel to refuse to honor his clients request he prejured his clients right to a fair trial.The third circuit court of app eals Judge Sloviter held that(1) defense counsel's failure to conduct a pretrial investigation was ineff ective assistance and(2) evidence at post trial hear ing established that the lack of an investigation pre jured the defendant. In Foster v. Dugger 823 F2d 402 11th cir it was said the defense attorney should, at minium,independently examine all relevant facts,cir cumstances,pleadings and laws that relate to clients case. Also in Futch v. Dugger 847F2d 1483: Defense counsel has a duty to conduct reasonable pretrial

investigation.[ See criminal law key 641.13(1) Ineffe
ctive assistance of counsel claims defendant need only
show reasonable probability that but for counsel's un
professional errors, results of proceeding would have
been differently:reasonable probability is one suffic
ient to undermind confidence in outcome.U.S.C.A Const.
Amend.#6 Also C.L. key 641.13(6) Failure to conduct
any pretrial investigation generally constitute clear
instance of ineffectiveness U.S.C.A. Const. Amend 6
Counsel should have known that he could petition the
court for theproper funds to conduct the investigation
Also his failure to take any steps to investigate the
case cannot be excused on the grounds that the invest
igation would have been fruitless.[see U.S. v. Gray
878 F2d 702(3rd cir.1989).For counsel to make aclaim
that a pretrial investigation would be futile and then
to question the government witness concerning the cri
me involving the elderly gentlemen did not coinside
with his reason of not to do the investigation.[see
T.T.pg 146].

        Prior to trial the petitioner requested
that his counsel ask the court for a jurisdictional
hearing in order to compel the government to show cau
se that they have the right to prosecute for the alle
dge crime, when their exist a car robbery statue in
the books in the state of New York. The petitioner
was nevered granted this request and he nevered under
stood why,                    (7)

stood why, because jurisdiction is an issue that has
to be resolve before any trial could take place. The
petitioner kept insisting for the hearing, until he
was told by his counsel that the courts opinon was
the jurisdictional  question was of no valure and the
hearing was un warranted. But to the dissmay of the
petitioner, at the end of the trial the real reason
he was nevered granted the hearing  came into focus.
The petitioner's lawyer entered into a stipulation
with the government to waive his client's right to
such a hearing. The defense counsel did not have
the petitioner's permission to enter into such a stip
ulation nor was the defendant ever aware the stipulat
ion was ever agreed upon.[seeT.T.pg.223] Until the
government mention it to the court after he rested
his case.[seeT.T.pg 223]. The alledge stipulation was
nevered in writing according to the government.[see
T.T.pg224 were in the court charged the jury with the
meaning of the stipulation that was illegal]. The juris
dictional challenge can never be waive by the accused, nor acqie
sced by the defendant in the absence of a postitive showing upon
record that jurisdiction was established.[U.S. v. Benson 495 F2d
481(1974). Mr. Hanna prejudice the petitioner rights to due proc
ess from the beginning of the case to end. He also enetered into
another stipulation with  which unprofessional and not in the be
st interest of his client, when he agreed not to do an extensive
cross examination of the government witnesses. This was a very
poor representation of his clients rights, especially since

he had all ready made the he would not be calling any witness, and not allow his client to take the stand in his on defense. [see T.T. pg33]. The cross examination was key in discrediting the prosecution witness, especially since there were a lot of controversey testimony and the perjury testimony by Mr. Lennon himself, which he committed in another precedure concerning th is case.[see T.T. pg. 158,and 159]. The counsel for the defense nevered challenge the presentence report on the double counting, since the petitioner was giving 2 levels for offense characteris tics[see P.S.I. pg 7 line 32] also he giving anadditional 1pt. level per carjacking totaling 3 levels plus the 2 levels and these levels totaled a 5 level increase plus another 3 level increase for the same offense [see P.S.I. pg8 lines 43-45 and 48 totaling an increase of an 8 pt.level for the same offense. My level was also increased twice under the criminal history catagory. Mr. Hanna nevered challenged these issues. Even when the court replace the defense counsel for another, after the pet itioner claim ineffective assistance, the petitioner was left in the same predicament. The court has an obligation to investigate or to grant a evidentiary hearing to settle the claim of ineffe ctiveness made by the petitioner.[see U.S. v. Gray 878 F2d 702].

Under the two prong standard set by the U S Su preme court in Strictland v. Washinton the petitioner has shown both prongs.[see also Glover v. U.S. no. 99--8576 argued November 27, 2000 decided Jan. 9, 2001]. The U.S. Supreme court has narrowed the scope of showing prejudice in the ineffective claim.

(9)

The petitioner ask once more that his conviction be set aside or vacated and that he granted a new trial on the grounds of ineffective assistance of counsel. The petitioner has met the burden of proof set by the Stictland v. Washington two prong test, also according to the recent decision in Glover v. U.S in which the scope of prejudice was narrow even more.

DATED: FEB. 5,2001

# Prosecutional Misconduct

The Petitioner's claims that because of the g
the governments actions or lack of action, to produce te
stimonial statements by Vernon Lennon was a violation of
the Jencks act and the Brady rule. Because of the govern
ments failure,albeit in good faith to produce pretrial
statements given by a key prosecution trial witness, und
uly restricted the scope of cross-examination of that wi
tness. And it is the courts duty under the Jencks act to
consider results, not motive. The government violated its
statutory duty, however innocently, in failing to produce
statements in the possession of a government department.
The only conclusion left for the court, despite the faith
effort of the government to comply with the statutory man
date is that the defendant is entitled to a new trial.Be
ing that the prosecutional key witness had purjured him-
self in a earlier procedure involving this case. The con
viction was obtained only behind the testimony of vernon
Lennon who testified at length about his intent, which he
and the prosecutor claims was conditional on the behavior
of the victims. Examination of the trial transcripts and
the charge given to the jury on conditional intent,was
enough to show that Lennon's testimony was a ample source
and by itself adequate enough to support the jury's verd
ictbeyond reasonable doubt on all counts.[see US v. Beas
ley 576 F2d 626]. Especially after the court charged the
jury with law of conditional intent was enough to convict
on a specific intent charge. Under Jencks the prosecutor

erred in denying the petitioner request to have produce
for inspection at trial and for use on cross- examination
the prior statements of the government key witness,who
testimony was the sole purpose behind the jury's guilty
verdict. And if the petitioner's Lawyer had such informa
tion and did not give it to his client on request of the
prosecution, shows conspiracy for miscoduct. Wherein the
government fails to disclose evidence of any understanding
or request as to future prosecution of a key government
witness, due process may require reversal of conviction.

Also the government has a duty to discl
ose such understandings for they directly affect the cre
dibility of the witness.This duty of disclosure is even
more important where the witness provides the key testim
ony against the accused.[see Brown v. Wainwright 785F2d
1457 11th cir.,Giglia v. US 405 US 150, 31 LED 2d 104 92
S Ct 763 and Napue v. Illinois 360 US 264 2 LED 2d 1217
79SCT 1173. In a claim of prosecutional misconduct or ne
gligence, the exacting standards required are less[see U
S v.Zane 50 1F2d346 2nd cir. taken from U.S. v. Khan 472
F2d 272]. The prosecutor knowingly,willingly and diliber
atly use false information and testimony to enhance his
case,also to pursuade the rational thinking of the jury.

In U.S. v. Booth 994 F2d 63 2nd cir.,Due
process bars prosecutor from making knowing use of false
evidence,and conviction may not stand if such evidence h
as any reasonable likelihood of affecting judgement of
jury. the prosecutor

jury. The prosecutor offered the alledged carjacking
of Betty Eng and her testimony as evidence against me
even though it was an uncharge crime, him knowing that
it was false evidence and untrue accusations.[see trial
transcripts pgs 74-75] no were in Ms. Eng's testimony did
she implicate me as being present at the taking of her
veichle. He also used the testimony of Lennon who said I
help in the taking of said veichle,knowing it was false
information.[see T.T. pg77] Mr. Garrett also stated, and
I Quote: I would add one more thing to my offer of proof
which is that this car, Ms. Eng's car is the subject of
one of the statements that was made by Mr. Holloway, th
at was one of the carjackings that he referred to in his
statement.[seeT.T. pg78] This was an untrue statement and
if the court examine that statement it will see that no
such statement was made by the petitioner. Because the pe
titioner had no knowledge of this particular crime until
it was mentioned. Furthermore the crime was committed by
Lennon and DAvid Ballantine,Who was charged in the indic
tment for that crime,see petitioner's indictment. At best
highly prejudical and irrelevant evidence was admitted;
at worst, much hearsay, prosecutional witness's testimony
pursuant to the carjacking of Betty Eng was admitted and
attributed by the jury to the petitioner. Therefore prej
udice the defendant's case. This court must view a claim
of prosecutional misconduct base on statements made by
the

(3)

the prosecutor. This court sholud examine tthe statements
in comtext of the trial to determine whether they resul
ted in substantial prejudice to the defendant. The prose
cutor was in violation of the Brady, by not handing over
such material as the grand jury moments, the grand jury
charge and the testimony of the prosecutional key witness,
whom had purjured himself in an earlier procedures. Under
Brady defendant is entitled to disclosure of informateon
that might be used to impeach government witness.[see U.S.
v.Abadie 879F2d 1260].All testimony material in governme
nts possession must be released to criminal defendant.un
der the Brady rule,U.S. v. Brumel-Alvareez. The prossecu
tor in his questioning of Lennon, led him to answering t
kh the question the way he wanted them answered. [see T.
T. pg120] Even after the witness had already answered the
same question three times, with a reply of no. This was
not the answer the prosecutor wanted,so he kept leading
the witness until he got the answer that satis fied him,
evidently thaixthis was a pre-arranged situation.Also on
pg 127 of TRIAL TRANSCRIPT PROSECUTOR again is leading t
he witness to obtain the desired answer. Furthermore the
prosecutor willingg knowingly and diliberately allowed pu
rjury testimony to be used in the governments case again
st the petitioner[see T.T. pg102].Wherein Vernon Lennon
lied about the use of the black Maxim, that was taking

(4)

alledgely by the petitioner and himself on October14,1994.
Butaccording to Lennon;s testimony it Was used in the ta
ing of the mercury marquios on October 19,1994. Also the
same maxim was used in the taking of the Mercedse Benz w
hich was taking on the October 15th 1994. My question is
if the Maxim(black) was taking and stripped the same day
it was taking [seeT.T.pg102]then how could it be used in
the taking of two other cars, especially since one of th
ose cars were reported as being  taking 4 days before the
MAXIM WAS taking. The prosecution knew this testimony to
be untrue and fail under perjury testimony, but yet he s
till used it to build his case. There were decrepencies
thru out the trial testimony of prosecutional key witness
and this testimony was very prejudice to the defendant,a
nd the prosecution had knowledge of these decrepencies,b
ut he chose toignore them and used them in trial as evid
ence. Either the prosecutor is illiterate, which i I know
not to be true,or that he was out to literally win this
case by all means neccessary, so he chose to over look t
he obvious.That his case was poorly prepared. The intere
st of the United States in a criminal procedure is not,
itshall win a case, but that justice will be done.[Jencks
v.U.S.353 US 657,LED 2d 1103 77 S CT 1007].

        The Jencks act, 18USC section 3500 requ
ires a court on motion of dedendant, to order the govern
ment to produce any statements a government witness has
made that is in its possession and relates to the subject
matter of the witness's testimony.Its purpose is two fold;

(5)

(1) to allow the defendant materials for impeachment,and (20 to protect government files from unwarranted disclos ure. Failure to comply with Jencks Act may result in str iking testimony or even reversal of conviction. U.S. v. Dupuy. The prossecutors actions, so much prejudice the p etitioner rights undre the 5th amendment of the constitu tion. The petitioner seeks of this court to right a wrong that was done to him him by prosecutional misconduct. The refore granting him due process that was denied by the in appropiate conduct of the prosecution.

# CONSTRUTIVE AMENDMENT OF INDICTMENT

The petitioner ask that his conviction be setaside, vacated or corrected due to construtive amendment of his indictment. the petitioner make this claim on the fact that a indictment is defected if it fails to allege elements of scienter that are expressly contained in statue that describes offense. U.S. v. Pupo 841 F2d 1235: Hagner v.US U.S. 285 US 427, 76LED 861, 52 S.CT417. Also for an indictment to be valid, it must allege that defendant performed acts which, if proven constituted a violation of the law that he or she is charged with violating. MC Nally v. U.S. 483 US 350, 97 LED 2d 292 107 S CT 2875, Amendment of indictment occurs when defendant is convicted of charges not included in the indictment. And is per reversible error. U.S v,Artrip 11th cir 1991,U.S. v.Pacheo 9 th cir. 1990 and U.S Leisure 844 F 2d 1347 8th cir. 1988. In 1992 the 2sd cir, ruled that constructiveamendments to indictment are generally considered prejudicial per se Thereby requiring new trial.U.S. v, BRYSER954 F2d 79. U.S. v. HuntSman 959F2d 1429 and U.S. v. Wright 932F2d 868 held that1) the 5th amendment requires that defendant be tried only on charges hand down by grandjury and thus after indictment has been returned, its charges may not be broadened through amendment except by grandjury.2) variances rises tothe level of reversible error where evidence presented at trial, together with jury instructions raises opssibility that defendant wAs convicted on offende other than charged in the indictment. And this is the basic of petitioner's claim.

(1)

In U.S. v. TRAN and SOM 234 F3d 798 2000 W.L.1701651, The 2
nd cir. court of appeals held that plain error review is inappropriate
where the challenged is defect indictment is jurisdictional.Thepetiti
oner's claims stems ffrom the fact he wâs charged wkkx with violating
18 USC sectuion 2119,2andm 3551 ET SEQ.. As well as 18 USC section 924
(c)(1)2. But he aws convicted of aiding and betting these charges. The
government presented its case against petitioner as an aider and abet
tor. The judge charge the jury on aiding and abetting. The juryconvic
ted on aiding and abetting. But the indictment against petitioner does
not alleges that he was an aider and abettor. It reads as follows:

Count one: On or about and ketween between October 6, 1994
and November 15,1994 both dates being approximate and inclusive,within
the Eastern District of New York and elsewhere Francoir Holloway aka
Abdu Ali and othersx did knowingly and willingly conspire to opereate
maintain,and control a chop shoop,to wit: the Robinson chop shop in v
iolation of 18 USC 2322. Count2: On or about and between October 6,
1994 and November ik 15, 1994 boyh dates being approximate and inclus
ive, within the Eastern District of New York and elsewhere, the defen
dants Teddy Arnold, Charles Robinson, DArrel Jones and Francoir Holl
oway aka Abdu Ali David Valintine and others did knowingly and willfu
lly own, operate,maintain, and control a chop shop and conduct operat
ions in a chop shop to wit: Robinson chop shop.

Counts7,9and 11 reads: On or about Rxk.Dates in the Extx
Eastern District of New York Francoir Holloway and &thers knowingly

(2)

and willfully take a motor vehicle to wit:((type of car) t
hat had been transported,or shipped and received in inters
tate commerce from persons and presence of another, by for
ce, violence and imtimidation: title 18 USC section 2119 2
and 3551. Counts8,10,and 12reads: On or about dates in the
EasternDistrict of New York the defendant Francoir Holloway
and others knowingly, willfully and unlawfully use and car
ry a firearm during and in relations to a crime of violence
to wit.: the offensescharged in counts 7,9, and 11 title 18
USC section 924(c)(1)2 and 3551 ET SEQ..

        In counts 7,9, and11 the indictment should have
read as follows: On or about dates in the Eastern District
of New York, the defendant Francoir Holloway did knowingly
willfully and unlawfully aided and abetted others with int
ent to cause death or seriously bodily harm take a motor
vehicle to wit: the type of vehicle(taken) that had been
transported, shipped or received in interstate commerce fr
om the persons and presehce of another by foree,violence a
nd by imtimidation[title 18 USC xsection 2119 and 18 USC

section 2 and3551 ET SEQ. The indictment must structured
with the words aided and abetted in order to give the defe
ndant prooper notice of the charges he must defend against.
Without the proper structure of the indictment, the defend
ant can not adequately prepare a proper defaense. USCA CONST
AMEND. 5 Requirement that an indictment contain all the ele
ments of the offense, provides a defendant with notice and
protection from double jeopardy[210k60k. Elememts and indi
ctments of offense in general. 210k58 Subject Matter of al
legation.

                        (3)

When an indictment fails to allege each element of the offense, it fails to charge that offense. also the failure of an indictment to charge an offense maybe treated as jur isdictional defect, and the appellate or District court mu st notice such a flaw, even if the issue was not raised ne ither in the district court nor on appeal. [indictment and information key 196(5)]. Even if challenged after a verdict.

The failure of the indictment to allege all the essential elements of an offense is jurisdictioanl defect requireing dissmal, despite citation of the underlying statue in the indictment. This ttype of fundamental defect cannot be cured by absence of prejudice to the defendant or a jury instruction.[USCA CONST. AMEND.5]. There was not even the citation of 18USC section 2 located anywhere in the indict ment, and if there was,it alone is not enough to claim an aideer and abettor or substane an aider and abettor charge. See United States v. Prentiss 206 F3d 960(10th cir 2000) al so see indictment and information key 71.3

Unless the right to be charged by an indictment containing all of the material elements of an offense is voluntarily,intelligently and knowingly waive by the defen dant, the indictment as returned limits the scope of the district court's jurisdiction to the offense charged in the indictment. The petitioner was charged with violating kikiks title 18 USC sectioh 2119 2. Prosecution does not h ave jurisdiction to prosecute a defendant, and the district

court does not juriddiction to try, convict or sentence a defendant  for any offense other than the one charged in t he indictment: A defendant cannot be held to answer for any offense not charged in an indictment returned by a grandjury. USCA CONST. AMEND5. Therefore the chsrgex of violating 18 USC section 2119,2 and2355 must be vacated.

The petitioner's charges of violating 18 USC925 (c)(1)2 must also be vacated being that he was nevered cha ged as an aider and abettor. The indictment should have re ad as follows: On or about  October 14, 1994 in the Easterh District of New York, the defendant Francoir Holloway did knowingly, willfully and unlawfully aided and abetted others in use and carry a firearm during relations to a crime of violence, to wit: the offense charged in counts 7,9and 11. title 18 USC sectin 924(c0 (1) and 18 USC sectin 2 and 3551 ET SEQ.  Counts 8 and 10 must readxthe same as the above pa ragraph as well as count 12. Nowhere in the indictment was the petitioner charged as an aider and abettor, but yet he was convicted as such. As written the citation in the indi ctment puts defendant on notice that he charged for violat ing  the statue  by use of a firearm in the commission of a crime 18 924(c)(1), also that he was  xxxxyxhx carring a firearm in the commission of a  crime.  18 USC 924(c)22). See Busic v. United States 446 US 398, 64 LED 2d 381,100 S CT 1747.

For the petitioner's conviction and sentence to coin side with charge it must read as dicussed aboue, somewhere ni the indictment it must allege that he aided and abetted others in the violation of the statues he was charge with, this the only proper way to put the petitioner on notice of the charegs against him. Without proper notice how dose the government expects the defendant to defend against the allegations brought against him, therefore how can justice be serevdd. And that is theprime objective. The petitioner was also sentence to second or subsequent convictinn on the 924(c) charges, this sentence was not in accordance with the charges of a simple 924(c) violation. Which the prescribe penalty is 5 years. The second or subsequent language cons titutes (1)an element of another crime, which must be char ged in the indictment, therefore must be presented to the jury for sentencing purpose, Castillo v.United States or(2) it simply authorizes an enchance penalty, even if used as an enchancement element it must be charged in the indictment and put before the jury. SEE Jones v. United States 526 US 227,243 n.6 119 S CT 1215,143 LED 2d 311. Where it was held that enhancement elements must be charged in an indictment, so whether the government argues that its an element of an other crime orwhether its an element to enhance the penalty of a statue,it dose not matter, according to both Supreme Gourt it must be alleged in the indictment. Also in Apprendi.

(6)

Therefore the two twenty year sentence the petitioner received for the second or subsequent conviction cannot stand and must be vacated and resentence for just a simple 924(c) violation. There was no waiver by the defendantof hism indictment to be charged and tried and convicted upon charegs other than what was in the indictment. In US v. Ferguson 785F2d 843, 850-851 the 2nd circuit court of appeaix appeals held: the waiver must be made in open court, defendant must be informed of the naturef of and the cause for the accusation, and the court must be satisfied that the defendant waived his rights knowingly,intelligently and voluntarily. The record does not and will not show that defendant committed suchy an act.

In USv. Prentiss the 10th cir. held: the failure of the indictment to allege a federal crime cannot be cured by proof at trial bh any means. Fuethermore in US v. Spinner(3rd cir.) US v. Cabrera-Teran 5th cir. has held the claim, the governmene maynot constitutionally prosecute the charge of an enhance firearm offence, because it was nevered charge in the indictment. As for being convicted as aiderand abettor in violation of 18 USC 924(C)(1) it must be vacated on hhe grounds: in order to substane a conviction, it must be shown that the defgendant furthered the crime by his actions. Mere knowledge of the crame, or even driving a person to the scene of a crime is not enough to substane a conviction,aiding and abetting of a 924(c)(1) violation, the person would have to get skux out the car and

(7)

accompany the person who committed the crime in order to s
ubstane this type of charge.[see Bazemore v.US ca 11(Ga.)
1998,138 F3d 947]. Apprendi v. New Jersey, the SUpreme Cou
rt has said that any fact that increases the prescribed st
atutory maximum penalty to which a criminal defendant is ex
posed must be submitted to a jury and proven beyond reason
able doubt.Also in Jones v. US 526 US at 251-52 the court
obseved any fact other than prior convictions that increase the
maximum penalty for a crime must be charged in an indictment
submitted to a jury and proven beyond a reasonable doubt.
SEE also US v. Nordby opinion of judge Canby and US v. POw
ell 109 F.supp 2d 381. Lower courts are obligated to follow
both narrow holding announced by Supreme Court4 as well as
the rule applied by the court in reaching its holding.For
the reasons stated previously the court must hold  the 924
(c)(1) charges in the indictment, limitted the scope of the
district court's jurisdiction to accepting a guilty verdict
and entering  a conviction and sentencing only for the sim
ple firearms offense thats charged in the indictment. Thus
the petitioner's  924(c) convictions are deem convictions
for the simple firearms offense,and must be remanded for re
sentence.  In US v. Som and Tran the 2nd circuit court of
appeals held: remand for ressentencing was    required when
district court exceeded it's jurisdiction and sentence def
endant for enhanced firearm offense not charged in the ind
ictment, Although conviction would be deem to be for simple
firearm offense whichk was charged in the indictment. The
2nd cir. court of appeals previously determine that 924(c)
firearms statue was ambiguous as to theappropriate unit of

(8)

prosecution [see US v. Lindsay(1993),US v.Coiro (1991).

This court acted without subject matter
jurisdiction, therefore must notice and correct the error.
The trial court must adhere to decisions of higher court,
even when it disagree or find error in it. U.S v. Jacob
955 F2d 2nd circuit 1992. Only the Supreme Court can abrog
ate one of its earlier rulings. Finally the petitioner ask
the court toremand and resentence for the reason of the new
amendment from the sentencing guide line commission which
became on November 1, 2000, Wherein they revised the
924(c) statue saying that you can no longer stack the gun
counts if they all fall under the same predicit act. My 924
(c) counts was under the conspiracy inwhich I was charged
with in my indictment. Also, the petitioner was sentence,
as an aider and abetter to the charged crime, being that the
informant was only sentence to one charge of 18 USC 2119
and one charge of 18USC 924(c), the defendant should have
only been enhanced on the other two counts of carjacking a
dd firearms violations. The petitioner only seeks justice
that was denied him at trial.

(9)