

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:SPN                                    *271 Cadman Plaza East*
F. # 2001V00705                            *Brooklyn, New York 11201*


September 24, 2013


<u>By Hand and ECF</u>

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    Francois Holloway v. United States
             <u>Civil Docket No. 01-1017 (JG)</u>

Dear Judge Gleeson:

      On September 17, 2013, after hearing brief oral argument on Petitioner Francois Holloway's pending Rule 60(b) motion in the above-referenced case, the Court requested that the government review its case files for any documents relating to the plea offer declined by Mr. Holloway in advance of trial in the criminal case captioned <u>United States v. Holloway</u>, 95 CR 078 (JG) (E.D.N.Y.).  The government reviewed its case files and found the following documents, all publicly filed or otherwise introduced into the public record in connection with the criminal case against Mr. Holloway and attached hereto for your reference:

| EXHIBIT | DOCUMENT | DATE |
|---------|----------|------|
| A | Order requiring transfer of defendant Holloway from F.C.I., Otisville, to the MCC starting June 12, 1995 "to discuss the possible disposition of his case." | 6/6/1995 |
| B | Plea agreement executed by all parties and marked Court Exhibit 1. | 6/22/1995 |

| C | Transcript of proceedings held on June 22, 1995 at which defendant Holloway was at point of accepting plea when his attorney asked for additional time to discuss appeal waiver provision. | 6/22/1995 |
|---|---|---|
| D | Minute entry for June 22, 1995 plea proceeding stating: "Plea withdrawn – Counsel needs additional time to go over paragraph 4 of the plea agreement. Next conf. 6/29/95 10 AM." | 6/22/1995 |
| E | Minute entry for June 29, 1995 appearance providing dates for jury selection, suppression hearing, and trial. | 6/29/1995 |
| F | Motion to Vacate Counsel filed by defendant Holloway alleging, among other things, that counsel "failed to fully explore plea possibilities." | 4/19/1996 |
| G | Government response to Motion to Vacate Counsel in which government briefly describes plea discussions with defense counsel. | 4/29/1996 |

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____

Samuel P. Nitze
Assistant U.S. Attorney
(718) 254-6465

cc:   Clerk of the Court (by ECF)
      Francois Holloway, Inmate # 45116-053, U.S.P.I. Coleman, P.O. Box 1033,
      Coleman, FL 33521 (by U.S. Mail)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.

★ JUN 7 1995 ★

P.M. _____
TIME A.M. _____

-------------------------------------------X

UNITED STATES OF AMERICA

     -against-

ADBU MUSA ALI,
   a.k.a. FRANCIOS HOLLOWAY
    Defendant.

-------------------------------------------X

ORDER

~~91 CR 890 (KMW)~~

95-CR-78 (JG)

J. Gleeson, U.S. District Judge

    WHEREAS Dana Hanna, attorney for the Defendant requests that
the Defendant in the above captioned case be transferred from
F.C.I., Otisville, New York, where he is currently being
incarcerated, to the Metropolitan Correctional Center, New York,
New York, for a period of one week, beginning on June, 12 1995,
to discuss the possible disposition of his case.

    THEREFORE the United States Marshals Service, the Bureau of
Prisons or any party responsible for the care and control of Abdu
Musa Ali, #45-116-053, are hereby ordered to make arrangements as
may be necessary for this defendant to be transferred by June 12,
1995 to the Metropolitan Correctional Center, New York, New York,
for a period of one week.

SO ORDERED.

Dated:    Brooklyn, New York

       June  6  , 1995

_____
United States District Judge

52

# EXHIBIT B

LC:DLG:sr
F. #9405374
DLG50024.PLE



EXHIBIT
1
6/22/95

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -

FRANCOIS HOLLOWAY
 a/k/a "Abdu Musa Ali,"

              Defendant.

- - - - - - - - - - - - - - - -X

PLEA AGREEMENT

95 CR 78(JG)

      Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the United States Attorney's Office for the Eastern
District of New York (the "Office") and FRANCOIS HOLLOWAY
a/k/a "Abdu Musa Ali" (the "defendant") agree to the following:

      1.  The defendant will plead guilty to Counts Nine and
Ten of the above-captioned indictment, charging carjacking and
possession of a firearm in violation of 18 U.S.C. §§ 2119 and
924(c)(1) respectively.  Count Nine carries the following
statutory penalties:

        a.    Maximum term of imprisonment: 15 years
             (18 U.S.C. § 2119).

        b.    Minimum term of imprisonment: 0 years
             (18 U.S.C. § 2119).

        c.    Maximum supervised release term:  5 years, to
             follow any term of imprisonment; if a condition of
             release is violated, the defendant may be
             sentenced up to 3 years without credit for pre-
             release imprisonment or time previously served on
             post-release supervision
             (18 U.S.C. §§3583 (b), (e)).

        d.    Maximum fine: $250,000
             (18 U.S.C. § 3571(b)(3)).

e.  Restitution: as required by statute
    (18 U.S.C. §3663).

f.  $50 special assessment
    (18 U.S.C. §3013).

g.  Other penalties: [deportation, costs of
    prosecution in tax cases]   N/A        .

Count Ten carries the following statutory penalties:

a.  Mandatory term of imprisonment: 5 years,
    consecutive to term of imprisonment imposed under
    Count Nine.
    (18 U.S.C. § 924(c)).

b.  Maximum supervised release term: 3 years, to
    follow any term of imprisonment; if a condition of
    release is violated, the defendant may be
    sentenced up to 2 years without credit for pre-
    release imprisonment or time previously served on
    post-release supervision.
    (18 U.S.C. §§3583(b), (e)).

c.  Maximum fine: $250,000
    (18 U.S.C. §3013).

d.  Restitution: As required by statute
    (18 U.S.C. § 3571(b)(3)).

e.  $50 special assessment
    (18 U.S.C. §3013).

f.  Other penalties: N/A

2.  The defendant will be sentenced under the United
States Sentencing Guidelines.  The parties agree that the Court
and Probation Department will be advised of all information
relevant to sentencing, including all criminal activity engaged
in by the defendant, and that such information will be used to
calculate the Sentencing Guidelines range.  Based upon
information now known to it, the Office estimates the likely
adjusted offense level under the Sentencing Guidelines to be
level 23,  which is predicated on the following Guidelines

calculation: the defendant's base level is 20. The level is increased by 5 because a firearm was displayed. The level is increased by 1 because the vehicle was worth more than $10,000. This results in a level of 26. The defendant receives a 3 point reduction for acceptance of responsibility, resulting in an adjustment level of 23. This level carries a range of imprisonment of 70-87 months, because the defendant has 4 prior convictions. In addition, pursuant to his plea of guilty to Count Ten, the defendant will serve a mandatory five year term of imprisonment that will be consecutive to the sentence imposed pursuant to Count Nine.

3. By this agreement, the Office recommends to the Probation Department that the calculation set forth in paragraph 2 be adopted. If the Probation Department finds that any portion of the calculation set forth in paragraph 2 is incorrect, the Office reserves the right to argue that the Court should adopt the Probation Department's finding. The calculation set forth in paragraph 2 is not binding on the Court, and if the appropriate Guidelines offense level as determined by the Court is different, the defendant will not be entitled to withdraw the plea.

4. The defendant agrees not to file an appeal in the event that the Court imposes a sentence within or below the applicable Sentencing Guidelines range as determined by the Court.

5.   In exchange for the defendant pleading guilty, at sentencing the Office will:

    a.   move to dismiss the remaining counts of the indictment with prejudice, and the Office agrees that it will bring no further criminal charges against the defendant for the conduct described in the initial complaint and the indictment, so far as supported by facts known to the Office at this time, to wit: carjacking occurring between October 6, 1994 and November 15, 1994.  This agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to the RICO statute (18 U.S.C. §§ 1961 et seq.);

and, based upon information now known to the Office,

    b.   take no position concerning where within the appropriate Sentence Guideline range, as determined by the Court, the sentence should fall;

and

    c.   make no motion for an upward departure under the Sentencing Guidelines.

If information becomes known to the Office after the date of this agreement which renders inappropriate our compliance with subparagraphs b or c  above, the defendant will not be entitled to withdraw his plea.

6.   This agreement is limited to the United States Attorney's Office for the Eastern District of New York and cannot bind other federal, state or local prosecuting authorities.  It does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax

liability or forfeiture of assets. The defendant hereby waives any claim of double jeopardy in the event that such proceedings have been, are, or will be initiated.

7. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by the parties. This agreement, to become effective, must be signed by all of the parties listed below.

Dated: Brooklyn, New York
~~May~~ *June 20* , 1995

Respectfully submitted,

ZACHARY W. CARTER
United States Attorney
Eastern District of New York

By:  _____
Dolan L. Garrett
Assistant U.S. Attorney

Agreed and consented to:

_____
Defendant

Approved by:

_____
Counsel to Defendant

Approved by:

_____
Supervising Assistant U.S. Attorney

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,

     -against-

FRANCOIS HOLLOWAY a/k/a
"ABDU MUSA ALI",
               Defendant.
-------------------------------X

CR - 95-78

United States Courthouse
Brooklyn, N.Y. 11201

June 22, 1995
10:30 A.M.


TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT COURT JUDGE


A P P E A R A N C E S:

For the Government.................ZACHARY W. CARTER
                             United States Attorney
                             BY: DOLAN GARRETT
                             Assistant U.S. Attorney


For the Defendant.................DANNA HANNA, ESQ.

OFFICIAL COURT REPORTER
HENRI LE GENDRE
225 Cadman Plaza East
Brooklyn, N.Y. 11201


Proceedings recorded by mechanical stenography; transcript
produced by dictation.

THE CLERK:  USA versus FRANCOIS HOLLOWAY, also known as "Abdu Musa Ali."

MR. GARRETT:  Good morning, your Honor.

THE COURT:  Good morning.  Good morning, Mr. Holloway; how are you?

DEFENDANT HOLLOWAY:  So-so.

THE COURT:  Is there an agreement somewhere?

MR. GARRETT:  Yes, there is.  I believe Mr. Holloway is looking at it now.

THE COURT:  All right.

MR. HANNA:  Judge, Mr. Holloway has seen the prior plea agreement.  The one that I have now has one minor change in it.

THE COURT:  Why don't you have a seat with your counsel at the table, I want you to go over that agreement carefully.

MR. HANNA:  I went out to MCC but they had already shipped him out to Otisville.

THE COURT:  Any problem on your part with that?

MR. GARRETT:  While Mr. Hanna is going over the agreement, may I approach with an unrelated matter, your Honor?

(Pause)

MR. HANNA:  Judge, I've gone over the

1  plea agreement and I believes my client understands

2  the changes that have been made from the first proposed

3  plea agreement.  I've gone over it with him and my

4  client has signed the plea agreement, as I have.

5  THE COURT:  All right.

6  Could you hand it up to the Court when

7  you finish signing it, Mr. Garrett?

8  MR. GARRETT:  Yes, I will, your Honor.

9  THE COURT:  All right, Mr. Holloway, before

10  I can accept a plea of guilty from you there are a

11  number of things that I need to go over with you,

12  questions I need to ask of you, things I need to

13  tell you, all very important.  If you don't under-

14  stand anything I say, please tell me and I'll re-

15  phrase it until you understand it.

16  All right?

17  One other thing, you have to answer audibly

18  so the court reporter can take it down.

19  DEFENDANT HOLLOWAY:  Yes.

20  THE COURT:  Please swear the defendant.

21  (Whereupon, the defendant was sworn in

22  by the Clerk of the Court)

23  THE CLERK: State your full name.

24  DEFENDANT ALI: Adbu Musa Ali.

25  THE COURT:  Excuse me, I've been calling

1    you by the wrong name.

2              How old are you?

3              DEFENDANT ALI:  38.

4              THE COURT:  How much education have you

5    had?

6              DEFENDANT ALI:  Twelve years.

7              THE COURT:  Have you finished high school?

8              DEFENDANT ALI:  Yes.

9              THE COURT:  Have you had any difficulty

10   communicating effectively with your attorney?

11             DEFENDANT ALI:  No.

12             THE COURT:  Are you satisfied with the repre-

13   sentation he's giving you?

14             DEFENDANT ALI:  Yes.

15             THE COURT:  are you presently under the

16   care of a physician or a psychiatrist?

17             DEFENDANT ALI:  No.

18             THE COURT:  Have you taken any alcohol

19   in the last 24 hours?

20             DEFENDANT ALI:  No.

21             THE COURT:  Have you taken any medication

22   in the last 24 hours?

23             DEFENDANT ALI:  No.

24             THE COURT:  Have you taken any drugs of

25   any sort in the last 24 hours?

1           DEFENDANT ALI:  No.

2           THE COURT:  Is your mind clear here today?

3           DEFENDANT ALI:  Yes.

4           THE COURT:  Mr. Hanna, do you have any

5 doubt in your mind about the competence of your

6 client to plead today?

7           MR. HANNA:  No, your Honor.

8           THE COURT:  Let me explain to you, Mr. Ali,

9 the rights you would be waiving by pleading guilty.

10           You have a right to persist in your plea

11 of not guilty to all of the charges in this indict-

12 ment against you, and if you do that we'll have a

13 trial, a speedy trial right here in this courtroom,

14 open to the public.

15           The jury will sit in that box over there

16 (indicating).  At that trial you wouldn't have to

17 prove anything.  You are presumed to be innocent

18 under our Constitution.  The government would have

19 to prove your guilt beyond a reasonable doubt, and

20 if it failed to do so I would tell the jury that

21 your presumption of innocence protects you and it

22 requires them to find you not guilty.  The govern-

23 ment has to satisfy that heavy burden.

24           Do you understand that?

25           DEFENDANT ALI:  Yes.

1    THE COURT: At a trial the government would
2  be required to bring its witnesses into this courtroom.
3  They would testify under oath in this chair right
4  here on my left. You would be in the courtroom, you
5  would confront those witnesses. Mr. Hanna could
6  cross-examine those witnesses. He could object to
7  evidence offered against you by the government and
8  he could offer evidence in your own defense as well.

9    Do you understand that?
10   DEFENDANT ALI: Yes.

11   THE COURT: Part of that right to offer
12  evidence in your own defense is your right to testify
13  in your own defense. You would be entitled to do
14  that if you chose to do so. On the other hand,
15  under our Constitution you have an absolute funda-
16  mental right to remain silent, and if you chose to
17  exercise that right I would tell the jury in very
18  strong terms that they could not hold that against
19  you; it's your right to remain silent, it's a funda-
20  mental, absolute right and should not be taken into
21  consideration or held against you in any way.

22   Do you understand all that?

23   DEFENDANT ALI: Yes.

24   THE COURT: Now, if you plead guilty you
25  will be giving up those rights, your right to a

trial and the other rights I've just discussed, and

we won't have a trial, I would simply enter a judgment

of guilt based on your plea of guilty.  You wouldn't

have a right to appeal from that finding of guilt.

Do you understand that?

DEFENDANT ALI:  Yes.

THE COURT:  Also, as part of the process

of pleading guilty I must assure myself that someone

who wants to plead guilty is in fact guilty.  My

way of doing that is to pose questions to you which

you'll have to answer under oath telling me what you

did that makes you guilty.  And by engaging in that

process you'll be giving up that right to remain

silent that I mentioned a moment ago.

Do you understand that?

DEFENDANT ALI:  Yes.

THE COURT:  Are you willing to give up your

right to a trial and the other rights I've just

discussed by pleading guilty?

DEFENDANT ALI:  Yes.

THE COURT:  Now, I have this agreement that

I have marked as Court Exhibit 1 of today's date

between you and the government, and I witnessed

you executing this agreement here in my presence.

Have you had a sufficient opportunity to

1    go over this agreement with your lawyer?

2           DEFENDANT ALI: Yes.

3           THE COURT: Mr. Hanna, are you satisfied

4    that you had an ample opportunity to go over each

5    and every one of the terms in this agreement with

6    your client?

7           MR. HANNA: Yes, your Honor.

8           THE COURT: I want to go over just a few

9    of them here with you, Mr. Ali, but I also want to

10   emphasize that if you want to go over some additional

11   ones that I choose not to mention here this morning

12   you are free to say so. We'll go over every term

13   if that's what you would like.

14          All right?

15          DEFENDANT ALI: Yes.

16          THE COURT: Now, the agreement says that

17   you will plead guilty to Counts 9 and 10 of the

18   indictment.

19          Do you understand that Count Nine of the

20   indictment carries a maximum possible term of imprison-

21   ment of fifteen years?

22          DEFENDANT ALI: Yes.

23          THE COURT: It also carries a possible term

24   of supervised release of up to five years to follow

25   any term of imprisonment.

1          Do you understand that?

2          DEFENDANT ALI:  Yes.

3          THE COURT:  Do you understand what supervised

4    release is?

5          DEFENDANT ALI:  Yes.

6          THE COURT:  Basically what it means is

7    that if I impose a sentence of imprisonment on you,

8    when you get out, when you finish that term of

9    imprisonment and you are released, you are not imme-

10   diately free, you are subject to supervision.  Certain

11   things you are not allowed to do and certain things

12   your must do.  If you fail to abide by those restric-

13   tions, if you violate them then you are subject to

14   the possibility of going back to prison for the

15   term of your supervised release without credit for

16   the other time you already spent in prison, and

17   possibly without credit for the time that you already

18   spent on supervised release.

19         Do you understand all that?

20         DEFENDANT ALI:  Yes.

21         THE COURT:  Do you understand that there's

22   a maximum possible fine -- and I'm not saying by

23   mentioning all these maximum possible conditions

24   to you, I'm not saying that I will impose them,

25   but it's important that you understand that I could

1   impose them.

2          Do you understand that?

3          DEFENDANT ALI:  Yes.

4          THE COURT:  There is a maximum possible

5   fine of $250,000 on Count Nine.

6          Do you understand that?

7          DEFENDANT ALI:  Yes.

8          THE COURT:  There is also the possibility

9   that I could order you as part of your sentence to

10  make restitution, and what that means is that you

11  compensate, you make whole the people who might

12  have been victims of your crime.

13         Do you understand that, sir?

14         DEFENDANT ALI:  Yes.

15         THE COURT:  And lastly, there is a part

16  of your sentence as to which I have no discretion,

17  if I accept the plea of guilty from you, on Count

18  Nine I must impose a $50 special assessment on you

19  at the time of sentence.

20         Do you understand all that?

21         DEFENDANT ALI:  Yes.

22         THE COURT:  Now, Count Ten charges you

23  with using and carrying a firearm in connection with

24  a crime of violence; that charge carries a maximum

25  term of imprisonnment of five years.

1        Do you understand that?

2        DEFENDANT ALI:  Yes.

3        THE COURT:  Now, it's not only a maximum

4   term of imprisonment, that's a mandatory term of

5   imprisonment, and it's not only a mandatory five-year

6   term, but the law requires you serve consecutive in

7   addition to the term of imprisonment that I may impose

8   on Count Nine in the indictment.

9        Do you understand that, Mr. Ali?

10        DEFENDANT ALI:  Yes.

11        THE COURT:  There is a supervised release

12   term that comes with Count Ten as well, and that is

13   a supervised release term of up to three years.

14        Do you understand that, sir?

15        DEFENDANT ALI:  Yes.

16        THE COURT:  There is a maximum fine on

17   Count Ten which I could impose, conceivably could

18   impose in addition to the maximum fine on Count Nine,

19   and the fine on Count Ten could be, again, as much

20   as $250,000.

21        Do you understand that, sir?

22        DEFENDANT ALI:  Yes.

23        THE COURT:  And, similarly, I could require

24   you to make restitution on Count Ten to the victims

25   of your crime in precisely the same way I could order

1   restitution.

2           Do you understand that?

3           DEFENDANT ALI:  Yes.

4           THE COURT:  And, finally, there is also

5   a mandatory assessment of $50.

6           Do you understand that?

7           DEFENDANT ALI:  Yes.

8           THE COURT:  This agreement makes reference

9   to the Sentencing Guidelines.

10          Have you had an opportunity to discuss with

11  Mr. Hanna what those sentencing guidelines are?

12          DEFENDANT ALI:  Yes.

13          THE COURT:  There is a specific estimate

14  set forth in this agreement that you have with the

15  government as to what your guideline range will be,

16  and that's just fine.   That's one of the functions

17  of counsel, to give you an estimate of what your

18  guideline range would be.  It's appropriate for the

19  government to put into an agreement what the estimate

20  of the guideline range would be, but it's extremely

21  important that you recognize that's all it is, is

22  an estimate, and in fact I can't tell you now what

23  your guideline range will be.

24          Do you understand that?

25          DEFENDANT ALI:  Yes.

1    THE COURT:  That only gets computed after

2    you are interviewed by an officer of the court, a

3    probation officer, who then prepares a pre-sentence

4    report.  After she presents that pre-sentence report

5    I'll hear from Mr. Garrett, I'll hear from Mr. Hanna,

6    and only then will I be able to determine with any

7    certainty what your guideline range will be, and

8    if it turns out that the guideline range calculated

9    turns out to be greater than the guideline range

10   estimated in this agreement it's not going to be a

11   basis on which I'll permit you to withdraw your plea

12   of guilty.

13          Do you understand that?

14          DEFENDANT ALI:  Yes.

15          THE COURT:  Do you have any questions to

16   ask me based on the information we have discussed

17   so far?

18          DEFENDANT ALI:  No.

19          THE COURT:  Is there any aspect of this

20   agreement that you have with the government that I

21   haven't gone over with you that you would like to

22   go over with the Court?

23          DEFENDANT ALI:  No.

24          THE COURT:  Are you ready to plead at this

25   time?

1          DEFENDANT ALI: Yes.

2          THE COURT: Mr. Hanna, do you know of any

3     reason why Mr. Ali should not plead guilty to Counts

4     Nine and Ten against him?

5          MR. HANNA: No, I do not, but I would like

6     to clarify or set forth our position with regard to

7     a matter in the Plea Agreement that I have discussed

8     with Mr. Garrett, and that is with regard to Para-

9     graph 4:

10          "The defendant agrees not to file an

11          appeal in the event the Court imposes a

12          sentence within or below the applicable sentencing

13          guideline range as determined by the Court."

14          It is my understanding of the meaning of

15     this paragraph, that the -- in other words, I do not

16     read this to be an absolute waiver of any right to

17     appeal regardless of whatever the sentencing range

18     as determined by the Court, that is, as I understand

19     this -- if I'm wrong, that's why I'm raising it.

20          As I understand the meaning of this paragraph,

21     it means that should the applicable guideline range

22     be, for example, 70 to 87 months we would not be able

23     to appeal on the basis that the defendant should have

24     been given a sentence towards the low end rather than

25     the high end.   However, if the Court were to determine

1   the applicable guideline range on the basis of what

2   we believe to be a legal mistake, then I do not

3   believe I'm waiving that right to an appeal.    In

4   other words, I don't think this would prevent me,

5   or prohibit us from filing an appeal if -- not that

6   I expect it -- if there were a sentencing guideline

7   range determined without a proper basis.  I just want

8   to clarify that.

9           THE COURT:  I'll hear from Mr. Garrett in

10  a minute, but since in that first set of circumstances

11  you described, that is an appeal based on where within

12  a range sentence ought to be, since you don't have

13  such a right already it's hard for me to figure out

14  what it is you waive by Paragraph Four, unless it's

15  the right that you have just said you don't want to

16  waive.

17          Do you understand what I'm saying?

18          MR. HANNA:  I understand what you are saying.

19  I'm not certain in some theoretical sense the defendant

20  doesn't have a right to bring an appeal on the grounds

21  of arguing abuse of discretion even if the guideline

22  range should be given toward the low end of sentence,

23  even though that might not be an argument that will

24  ever prevail.

25          THE COURT:  Let's for the benefit of Mr. Ali,

1   whose interests are at stake, let's get more concrete

2   about this.   Generally speaking under the law if

3   I calculate the guideline range correctly, and if

4   I were to come up with a guideline range of 70 to

5   87 months, and I want to get it right, I would apply

6   the facts of your case correctly to the law.   You

7   wouldn't have a right to appeal if I sentenced you

8   to 83 months because it's within the correct range.

9   It's also true, generally speaking, in the absence

10  of an agreement, that if I calculate the guideline

11  range like, for example, applying the incorrect

12  guideline or incorrectly giving you an upward

13  adjustment because of your role in the offense,

14  that that type of conduct I guess is appealable

15  and you could go to the Court of Appeals and say

16  Judge Gleeson got it wrong, and the guideline range

17  would calculate it correctly.

18          What this agreement says, and by agreement

19  you can waive any number of rights, Constitutional,

20  regulatory or otherwise.   And what this agreement

21  says to me -- but, of course, the government would

22  be the one taking a position on this in the Court

23  of Appeals.   But what this agreement says to me,

24  unambiguously, is that as long as the Court imposes

25  a sentence within or below the applicable sentencing

guideline range as determined by the Court there is
no right to appeal.  And it seems to me that if
in fact this agreement reserved the right to appeal
my applying the incorrect guideline range, which is
what you would like it to reserve, then it doesn't
waive anything.

That's my sense of this, but, of course,
I'm just the Judge, I wouldn't be the one litigating
the terms of this agreement; it would be you.

Would you like to be heard, Mr. Garrett?

MR. GARRETT:  You are the Judge, and you
wouldn't be litigating this matter.  However, the
government does agree -- in the past life you have
had a lot of experience with the interpretation of
this particular document, so I'm not inclined to
disagree with the Court's interpretation of what it
means.

THE COURT:  Now, Mr. Ali, do you understand
all of this?

DEFENDANT ALI:  (nodding)

THE COURT:  It's very important that you
do.  I'll give you an opportunity if you would
like, to speak to your client, Mr. Hanna.

This is a contract, and what this contract
says in my judgment is that I will calculate the

guideline range, I'll do my level best to make sure

I select the correct guideline, to make sure in making

any adjustment to that guideline regarding, for

example, your role in the offense, or the worth of

the vehicle, of course, I'll do my level best to get

it right; that's my job.  But what this agreement

says, in my judgment is as long as I sentence you within

the guideline range as I calculate it to be, you

have by this contract given up your right to appeal

from that sentence even if I got it wrong, even I

got the guideline range calculation wrong.  Strikes

me as a very important matter.

MR. HANNA:  It strikes me as an important

matter, too, your Honor.

THE COURT:  It strikes me as potentially

an irrelevant matter --

MR. HANNA:  Judge, --

THE COURT:  Who knows?  And you may want

to discuss this further with your client.

MR. HANNA:  It strikes me -- my sense of

it is that it is a denial of fundamental fairness

to the defendant, to tell him that the terms of your

entering into an agreement with the government are

regardless what the Court does, regardless what the

Court does you cannot appeal, and that's essentially

1  what I'm hearing here.

2  THE COURT:  Well, whether or not that's

3  right, it's not a matter of denial of fundamental

4  fairness.  This is a contract.  I haven't taken a

5  plea of guilty yet, and you have -- if you are dissatis-

6  fied with any of the terms of this agreement you

7  can either bargain with the government to change it,

8  and if unsuccessful you don't have to take it.  This

9  is not an agreement that you are forced to take.

10  And, in fact, if you are unhappy, if there is not

11  a meeting of the mind on the terms of this agreement,

12  as far as the Court is concerned there is no agree-

13  ment.  It's not as though you shouldn't feel so

14  put upon, because if in fact it is not your intention

15  to waive the right that I think is waived by Para-

16  graph 4, then I suggest to you you shouldn't enter

17  into this agreement with the government.

18  MR. GARRETT:  Well, your Honor, if I might

19  be heard.  The type of bargain the Court talked to

20  was yesterday.   Mr. Hanna stated he wanted to

21  raise this issue of Paragraph 4, and I informed

22  him, that particular paragraph is standard language

23  in all our plea  agreements and would not be changed.

24  Some changes were made.  That was one that was not.

25  Nor do I contemplate that paragraph ever being changed

by any other U.S. Attorney.

THE COURT: That's a matter that's up to the Office of the U.S. Attorney.

Provided in that case it's not going to be changed, then the next question is whether you want to reach an agreement with the U.S. Attorney's office. In light of that fact -- and that's entirely up to you. Nobody, least of all the Court is forcing you into an agreement.

2) MR. HANNA: I do want to discuss this for a few minutes with my client.

THE COURT: Absolutely.

Let me hand you back the agreement.

(Whereupon, a short recess was had)

(After recess)

THE CLERK: Case recalled. USA versus HOLLOWAY.

MR. HANNA: I'll ask the Court's indulgence and ask for a few days' adjournment so Mr. Holloway could be assured in his mind about the proceeding. I anticipate we are going to plead here. But just to give you background, Judge, this matter was set down about two days ago, and I would like to speak to Mr. Holloway. They shipped him off. Mr. Holloway found out about -- Mr. Ali found out about this plea being scheduled this morning. I would

1  feel more comfortable to be sure that we do have a

2  meeting of the minds on this one particular paragraph.

3          THE COURT:  Mr. Garrett?

4          MR. GARRETT:  No problem.

5          THE COURT:  What would you suggest?

6          MR. HANNA:  Any time next week other than

7  Friday.  Any time that's available to the Court.

8          THE COURT:  Thursday at ten o'clock, the

9  29th.

10          MR. HANNA:  Thank you.

11          THE COURT:  All right, I'll see you then.

12          (Whereupon, Court stood in recess for the

13  day in this matter)

14                    ****

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

**CRIMINAL CAUSE FOR ARRAIGNMENT/PLEADING**

BEFORE JUDGE GLEESON    6/22/95    TIME: _____

CR- 95-78 _____

DEFT NAME: Franceos Holloway   AKA   Abby Mousa   Ali   # 1

   _____ present    __✓__ not present    _____ cust.    _____ bail

DEFENSE COUNSEL: Dana Hanna

   _____ present    __✓__ not present    CJA    RET. ___ LAS

A.U.S.A.: Colon Garrett _____    CLERK: VIVIAN VIRNO

E.S.R.: Henri Le Gendre _____    OTHER: _____

INT: (LANG.- _____ ) _____

__✓__ CASE CALLED. ____ DEFTS FIRST APPEARANCE.

DEFT __✓__ SWORN ____ ARRAIGNED __✓__ INFORMED OF RIGHTS
     ____ WAIVES TRIAL BEFORE DISTRICT COURT

____ WAIVER OF INDICTMENT EXECUTED FOR DEFT.
____ SUPERSEDING INDICTMENT / INFORMATION FILED.
____ DEFT FAILED TO APPEAR, BENCH WARRANT ISSUED.

____ DEFT ENTERS **GUILTY PLEA** TO CTS._____ O F
     (Superseding) INDICTMENT/INFORMATION.
__✗__ DEFT **WITHDRAWS** NOT GUILTY PLEA AND ENTERS **GUILTY PLEA** TO CTS.
     9 + 10 _____ OF THE (~~Superseding~~) INDICTMENT /
     ~~INFORMATION~~.
____ COURT FINDS FACTUAL BASIS FOR THE PLEA.
__✗__ **DEFT REQUESTS RETURN OF PROPERTY** ____ **ORDER FILED.**
__✗__ SENTENCING ~~TO BE SET BY PROBATION~~. 9/22/95 10:00AM

____ DEFT ENTER **NOT GUILTY PLEA.**
____ BAIL ____ SET ____ CONT'D FOR DEFT.
__✓__ DEFT CONT'D IN CUSTODY.
____ CASE ADJ'D TO_____ FOR _____
__ JYSELECT SET FOR _____ ____ BY MAG.
__ TRIAL SET FOR _____
____ **SPEEDY TRIAL** INFO FOR DEFT ____ STILL IN EFFECT
     CODE TYPE_____ START_____ STOP_____
     _____ORDER / WAIVER EXECUTED & FILED. ____ ENT'D ON RECORD.
     _____ In the interest of justice as stated on the record.
____ DISCOVERY ORDER FILED. c/m

OTHER: Plea withdrawn - Counsel needs
additional time to go over paragraph 4
of the plea agreement. Next conf 6/29/95
10 AM

(54)

# EXHIBIT E

CRIMINAL CAUSE FOR ARRAIGNMENT/PLEADING

BEFORE JUDGE GLEESON     6/29/95    TIME: _____
CR- 95-78 _____

DEFT NAME: _Fransias Halloway "aka John Nunsa Ali"_ # 1
_____ present _____ not present _____ cust. _____ bail

DEFENSE COUNSEL: _Dana Hanna_
_____ present _____ not present _____ CJA _____ RET. ____ LAS

A.U.S.A.: _Dilan Garrett_ _____ CLERK: VIVIAN VIRNO

E.S.R.: _Marsha Diamond_ _____ OTHER: _____
INT: (LANG.-     )

____ CASE CALLED. ____ DEFTS FIRST APPEARANCE.
DEFT ____ SWORN ____ ARRAIGNED ____ INFORMED OF RIGHTS
____ WAIVES TRIAL BEFORE DISTRICT COURT

____ WAIVER OF INDICTMENT EXECUTED FOR DEFT.
____ SUPERSEDING INDICTMENT / INFORMATION FILED.
____ DEFT FAILED TO APPEAR, BENCH WARRANT ISSUED.

____ DEFT ENTERS **GUILTY PLEA** TO CTS._____ O F
(Superseding) INDICTMENT/INFORMATION.
____ DEFT **WITHDRAWS** NOT GUILTY PLEA AND ENTERS **GUILTY PLEA** TO CTS.
_____ OF THE (Superseding) INDICTMENT /
INFORMATION.
____ COURT FINDS FACTUAL BASIS FOR THE PLEA.
____ **DEFT REQUESTS RETURN OF PROPERTY** ____ **ORDER FILED.**
____ SENTENCING TO BE SET BY PROBATION.

____ DEFT ENTER **NOT GUILTY PLEA.**
____ BAIL ____ SET ____ CONT'D FOR DEFT.
____ DEFT CONT'D IN CUSTODY.
____ CASE ADJ'D TO_____ FOR _____
__ JYSELECT SET FOR _____ ____ BY MAG.
____ TRIAL SET FOR _____
____ **SPEEDY TRIAL** INFO FOR DEFT ____ STILL IN EFFECT
CODE TYPE_____ START_____ STOP_____
_____ORDER / WAIVER EXECUTED & FILED. ____ ENT'D ON RECORD.
_____ In the interest of justice as stated on the record.
____ DISCOVERY ORDER FILED. c/m

OTHER: _Jury selection only 9³⁰ AM 7/24/95_
_Suppression hearing and trial 7/26/95 @ 9³⁰ AM_

_____

_____

_____

# EXHIBIT F

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA    :

        RESPONDENT,    :       CRIMINAL NUMBER

       V.            :       95 CR 78(JG)

ABDU ALI (Formerly)    :
Francois Holloway

               :

        DEFENDNAT.

---

## MOTION TO VACATE COUNSEL

**NOW COMES** Defendant Abdu Ali, pro se, and respectfully moves this Honorable Court for an order dismissing present counsel and appointing new counsel to represent this defendant on the ground that:

1. Current counsel was ineffective in that, (a) counsel failed conduct an investigation to find witnesses who could corroborate defendant's story or, whose testimony could impeach the testimpny of cooperating witness; (b) failed to call character witnesses to testify on be -half of defendant; (3) limited cross exami- nation; (4) failed to fully explore plea possibilities; (5) failed to seek a plea ar- greement in Washington when efforts to deal deal with local U.S. Attorney cessed; (6) failed to argue proper jurisdiction of the crime; and (7), failed to discuss the Presentence Inves-

-1-

APR 24 1996

tigation Report with defendant as pre-
cribed under Rule 32 of the Federal
Rules of Criminal Procedure.  In addi-
tion, defendant only talk to counsel
four (4) times; twice before trial
and twice after trial.  Note: defend-
ant has been incarcerated for exactly
fifteen months.

W H E R E F O R E, defendant pray this Honorable Court
grant him the relief sought herein, and all other and further re-
lief this Court deems just and proper.

DATED: April 19th, 1996
       Otisville, New York 10963

Respectfully submitted,

Abdu Musa Ali, Pro Se
Fed. Reg. No. 45116-053
Federal Correctional Inst.
P.O. Box 1000, Unit 4A
Otisville, New York 10963

TO: Clerk of the Court
    U.S. District Court
    Eastern District of NY
    225 Cadman Plaza East
    Brooklyn, New York 11201

    U.S. Attorney Office
    One Saint andrews Plaza
    New York, New York 10007

# EXHIBIT G



LRC:DLG
Holloway.ltr

*United States Attorney's Office*
*225 Cadman Plaza East*
*Brooklyn, New York 11201*

April 29, 1996

Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Francois Holloway aka "Abdu Ali"
               Criminal Docket No. 95-0078 (JG)

Dear Judge Gleeson:
     The government respectfully submits this letter in
response to the "Motion to Vacate Counsel" submitted by the
defendant Francois Holloway aka "Abdu Ali". The defendant
raises six issues that he contends prove that his counsel, Dana Hanna,
was ineffective in conducting his defense during the trial for
carjacking. This letter will deal with the defendant's arguments
seriatim, in arguing why the defendant's motion should not be
granted.

     The defendant argues first that his counsel failed to
conduct an investigation to find witnesses who would corroborate
his story, or in the alternative, impeach the testimony of Vernon
Lennon, the government's cooperating witness. The defendant's
defense at trial was that he did commit some criminal acts, but
that these criminal acts were in fact state offenses, not federal
offenses. Defense counsel fully, and competently, examined
Vernon Lennon on all possible impeachment evidence and it is
difficult to imagine how he could have proceeded differently with
Mr. Lennon.

     Second, given the defendant's criminal record, a strong
argument could be made that defense counsel would indeed have
been incompetent if he had called or attempted to call character
witnesses for the defendant in this trial.

Third, the effectiveness of cross-examination is properly determined by its focus, thematic content and use of available impeachment material, if any, rather than by its length. Defense counsel's cross-examinations were focused, had a theme, e.g. questioning the government witnesses as to whether shots had been fired at them, whether the defendant had threatened any of them or whether the witnesses had even seen the defendant during the carjackings.

Fourth, defense counsel did engage in plea discussions with the government. While these discussions were not necessarily extensive, they were not extensive because the defendant was very dissatisfied with the offer made by the government.

Fifth, there is no provision of which this attorney is aware that would compel, or allow, defense counsel to contact the Attorney General's office to discuss a plea in a case emanating from a local United States Attorney's Office.

Sixth, defense counsel has made numerous arguments that essentially contend that this case is not properly before this Court. There has been extensive written and oral argument in this case concerning the scope and breadth of the carjacking statute and its applicability to the defendant.

With regard to the seventh issue raised by the defendant, the failure to discuss the Pre-sentence Report, the government has no information upon which it fashion an intelligent answer. However, it would appear from the defendant's own letter that defense counsel has done nothing that could be construed as ineffective assistance.

In light of the foregoing, the government respectfully submits that the defendant's motion must be denied and that the sentencing proceed as scheduled.

Respectfully submitted,

ZACHARY W. CARTER
United States Attorney
Eastern District of New York

By: _____
Dolan L. Garrett
Assistant U. S. Attorney