UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

FRANCOIS HOLLOWAY,

         Petitioner,

- versus -

UNITED STATES OF AMERICA,

         Respondent.

ORDER

01-CV-1017

JOHN GLEESON, United States District Judge:

  This almost 20-year-old case encapsulates several of the problems that have plagued our federal criminal justice system in recent years. Specifically, it is a window into (1) the excessive severity of sentences, (2) racial disparity in sentencing, and (3) prosecutors' use of ultraharsh mandatory minimum provisions to annihilate a defendant who dares to go to trial.

  In 1995, the government decided that if Francois Holloway, who along with an accomplice stole three cars at gunpoint, would just admit his guilt and go off to prison, a sentence within the range of 130-147 months would be sufficient. It offered him a plea bargain to that effect. Had Holloway accepted that bargain, he would have been released from prison more than a decade ago.

  But Holloway wanted a trial. He got one, but it cost him dearly. Because he forced the government to trial, it required him to face all three of the counts it had brought under 18 U.S.C. § 924(c), a practice called "stacking" that the Sentencing Commission has since asked Congress to eliminate because it is so unjust. *See* U.S. Sentencing Comm'n, *Report to the Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System* ("*Mandatory Minimum Report*"), at 368 (Oct. 2011). That decision forced me, after Holloway was found guilty of the charges, to sentence Holloway to 57 years in prison – 45

years on the "stacked" firearm counts, which by operation of law had to run consecutively to the 12 years meted out by the then-mandatory Guidelines for robbing the three cars. Thus, in addition to the 11-year sentence the government was willing to have me impose on Holloway if he pled guilty, I was required to tack on the price Holloway was required to pay for exercising his right to put the government to its burden of proving him guilty beyond a reasonable doubt: 46 years in prison.

In nine months Holloway will have spent 20 years in prison on this case. Still, even with good time, he will be more than 30 years away from his projected release date. He is 56 years old now, so absent relief from his sentence he won't be released until he is 89 years old, after spending almost exactly 50 years in prison. As I mentioned in my order dated February 25, 2013, ECF No. 36, sentencing data suggest that Holloway would have fared much better if he had committed first degree murder instead of robbing three cars.

Black men like Holloway have long been disproportionately subjected to the "stacking" of § 924(c) counts. *See* U.S. Sentencing Comm'n, *Mandatory Minimum Report*, at 363 (stating that black offenders are disproportionately convicted under § 924(c), subject to mandatory minimums at sentencing, and convicted of multiple § 924(c) counts). The Sentencing Commission's Fifteen-Year Report states that black defendants accounted for 48% of offenders who qualified for a charge under § 924(c), but they represented 56% of those charged under the statute and 64% of those convicted under it. U.S. Sentencing Comm'n, *Fifteen Years of Guidelines Sentencing*, at 90 (Nov. 2004); *see also*; Sonja B. Starr & M. Marit Rehavi, *Mandatory Sentencing and Racial Disparity: Assessing the Role of Prosecutors and the Effects of* Booker, 123 YALE L.J. 1, 28-29 (2013) (even after controlling for, *inter alia*, arrest offense, district, age, criminal history category, and education level, black men are

nearly twice as likely as white defendants to be charged with an offense carrying a mandatory minimum sentence).

Holloway has five children between the ages of 23 and 37. He hasn't seen any of them in 10 to 15 years because they're in New York, taking care of their families, while he is doing his 50 years in Florida. His mother is ailing, so he doesn't ask her to travel. Holloway has eight grandchildren he's never even seen.

Nonetheless, Holloway has tried to better himself while in prison. He completed a Basic Wellness program in 2000, was recognized for his performance as a Unit Aide in 2002, completed a Parenting Program in 2002, completed a Stress Management class in 2006, completed a Parenting Skills Program Level I in 2007, got a Certificate of Achievement for officiating basketball in 2008, got a Certificate of Achievement for Song Writing instructing in 2009, completed a Preparation for Release program in 2009, received a certification in food protection management in 2010, got a Career Diploma in Catering in 2010, completed a Culinary Arts program in 2011, completed a Basketball Officiating class in 2012, and completed all the requirements for the Challenge Program run by the facility's Psychological Services program last year.

On February 25, 2013, I respectfully requested that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's § 924(c) convictions so he could face a more just resentencing. *See* Order dated February 25, 2013, ECF No. 36. In a letter dated July 24, 2013, the government declined to agree to such an order. *See* Letter Responding to Court's Order, ECF No. 42. As an alternative, the government suggested, based on a conversation with the Office of the Pardon Attorney, that Holloway may be eligible to apply for a commutation of his sentence on the ground that his sentence was unduly severe. *Id.*

Recent events make it clear that clemency is not a realistic avenue to justice for Holloway. As part of the Justice Department's new clemency initiative, Deputy Attorney General James M. Cole announced on April 23, 2014, the criteria that the Department of Justice will consider when reviewing and expediting clemency applications from federal inmates. *See* U.S. Dep't of Justice, *Announcing New Clemency Initiative, Deputy Attorney General James M. Cole Details Broad New Criteria for Applicants*, (April 23, 2014) http://www.justice.gov/opa/pr/2014/April/14-dag-419.html. The fact that Holloway committed crimes of violence will disqualify him. *Id.* Though the power to grant clemency rests with the President, not the Justice Department, as a practical matter the new policy spells doom for Holloway's hopes for executive clemency.

Because clemency is not a realistic option, the United States Attorney is respectfully requested to reconsider her decision not to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions. The onerous enhancement in § 924(c)(1)(c) for "second or subsequent conviction[s]" under § 924(c) masquerades as a recidivism enhancement, but when the "second or subsequent" conviction occurs in the very same case as the first one, as they did here, the result is frequently a manifestly unjust mandatory sentence with a disparate impact on black men.[1] Holloway deserved harsh punishment for his three robberies, but no one can reasonably contend that his mandatory sentence was not excessive.

---

[1] Among the other Sentencing Commission recommendations to Congress about § 924(c), which include a recommendation to lower the sentences for subsequent convictions because they are too harsh, is a recommendation to make them true recidivism enhancements:
> *Make 924(c) a "true" recidivist statute*
> Congress should consider amending section 924(c) so that the increased mandatory minimum penalties for a "second or subsequent" offense apply only to *prior* convictions. In those circumstances, the mandatory minimum penalties for multiple violations of section 924(c) charged in the same indictment would continue to apply consecutively, but would require significantly shorter sentences for offenders who do not have a prior conviction under section 924(c). This would reduce the potential for overly severe sentences for offenders who have not previously been convicted of an offense under section 924(c), and ameliorate some of the demographic impacts resulting from stacking.

U.S. Sentencing Comm'n, *Mandatory Minimum Report*, at 364.

The case will be called for a status conference on June 20, 2014, at 2:00 p.m. The government is respectfully directed to take the steps necessary to produce Holloway in court at that time. Harlan Protass is appointed pursuant to the Criminal Justice Act to represent Holloway. Once again, I ask the United States Attorney to exercise her discretion to permit me to reopen the sentence in this case to do justice.[2]

In the absence of a government agreement to reopen the sentencing, I will address the pending application to reopen Holloway's collateral challenge to his conviction. The extraordinary trial penalty in this case may warrant further briefing on the constitutional issues raised by such a use of prosecutorial power. In addition, though I long ago rejected a claim of ineffective assistance of counsel based on trial counsel's admission in his opening statement that Holloway in fact robbed the three victims of their cars,[3] upon further reflection I may direct a closer inspection of that issue as well.

---

[2] Such an agreement does not require a defect in the conviction or sentence. The government demonstrated this in the *Mayo* case cited in my February 25, 2013 order. It did so again recently when it agreed to reopen the sentence of one of its cooperating witnesses to do justice – despite the absence of any legal or factual defect in the proceedings. The relevant colloquy in that case was as follows:
>THE COURT: Good afternoon. Sentence has already been imposed. I really don't have authority to revisit the sentence. . . . I may as well be crystal clear about it. [The prosecutor] is in the driver's seat here. . . . I don't have any legal authority to do it. I don't think anybody disputes that. But I do, if the government confers it on me. So that's the deal.
>[THE PROSECUTOR]: We don't have an objection to modifying the sentence . . .
>THE COURT: . . . In light of this, my inclination is to enter an order that says on the joint application of the parties the sentence imposed on August 7, 2013 is vacated and the identical sentence is reimposed with the exception that instead of 18 months of incarceration, the term of incarceration is 364 days. Fair enough?
>[THE PROSECUTOR]: We would agree to that, your Honor.

*United States v. Anandani*, No. 11-CR-763, Transcript of Resentencing at 2-3, October 25, 2013. In short, the Department of Justice is authorized, as a party to each criminal case, to do justice.

[3] As Holloway explained during the September 17, 2013, court appearance, trial counsel persuaded him not to plead guilty because he told Holloway "he could win the case at trial on a technicality." Oral Argument, Sept. 17, 2013, Tr. at 6. The "technicality" was this: Counsel believed that even if Holloway hijacked a car at gunpoint on each of the three charged occasions, he was not guilty of violating 18 U.S.C. § 2119; since the three victims willingly gave up their cars upon demand, Holloway never formed the intent to cause death or serious bodily injury required by the statute. He never had to, the argument went, because the victims were so compliant. Before opening to the jury on that theory, trial counsel should have run it by the court, because once it was raised via his opening statement I held that *conditional* intent, that is, intent to kill or cause serious bodily harm *if necessary to steal the car*, was sufficient. That difficult issue eventually made its

So ordered.

_____
John Gleeson, U.S.D.J.

Dated: May 14, 2014
      Brooklyn, New York

---

way to, and divided, the Supreme Court of the United States. *See Holloway v. United States*, 526 U.S. 1 (1999). Had trial counsel known that his "technical" argument would fail, he might have chosen to challenge the government's evidence that Holloway was involved in the carjackings at all, rather than admit that involvement in his opening statement, a tactic that surprised both the government and the Court.